661 So.2d 411 (1995)
Glen JENKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-0248.
District Court of Appeal of Florida, Fourth District.
October 18, 1995.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and William A. Spillias, Assistant Attorney General, West Palm Beach, for appellee.
PARIENTE, Judge.
Defendant appeals his sentence of 50 months in prison contending that the primary offense of aggravated child abuse was incorrectly scored. The state concedes error and we agree that the primary offense was improperly scored on defendant's scoresheet.
Florida Rule of Criminal Procedure 3.702, entitled "Sentencing Guidelines (1994)," was enacted to implement the 1994 revised sentencing guidelines and applies to the sentencing here. See Amendments to Fla.R.Crim. P., 628 So.2d 1084, 1089 (Fla. 1993). In accordance with rule 3.702, "[f]elony offenses not listed in section 921.0012 are to be assigned a severity level as described in section 921.0013." Id. See also § 921.0013, Fla. Stat. (1993); § 921.0012, Fla.Stat. (Supp. *412 1994). Defendant was charged with aggravated battery on a child pursuant to subsections 827.03(1)(b), (1)(c) and (1)(d) and not pursuant to subsection (1)(a). Aggravated battery on a child, as set forth in subsection 827.03(1)(a), is the only subsection relating to the crime of aggravated child abuse specifically listed in section 921.0012.
Because defendant's crime was not specifically listed in section 921.0012, the severity level for his crime should have been scored pursuant to section 921.0013. Further, because aggravated child abuse is a second degree felony, see section 827.03(2), Florida Statutes, his primary offense should have been scored within offense level 4, pursuant to section 921.0013(2), and not within offense level 8. The effect of this scoring error on defendant's total points and guidelines sentence is significant because a level 4 offense is assigned 22 points whereas a level 8 offense is assigned 74 points. See § 921.0014, Fla. Stat. (1993).
Defendant additionally contends that his sentence does not reflect appropriate credit for time served in jail prior to resentencing. Failure to give appropriate credit for jail time served may be raised on direct appeal, even in the absence of an objection. Kio v. State, 624 So.2d 744 (Fla. 1st DCA 1993), review denied, 634 So.2d 627 (Fla. 1994), and cases cited therein. However, beyond defense counsel's assertion that defendant "has been continually incarcerated" since the date of his arrest, the record is devoid of any evidence pertaining to the amount of time defendant actually served in jail.
Accordingly we vacate defendant's sentence and remand for resentencing pursuant to a corrected guidelines scoresheet. If, upon remand, defendant is able to document his assertion that he was continually incarcerated from his arrest to his sentencing, the trial court may of course consider this fact at the time of resentencing.
GLICKSTEIN and FARMER, JJ., concur.