677 So.2d 884 (1996)
John NEWBERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1278.
District Court of Appeal of Florida, Fifth District.
June 21, 1996.
James B. Gibson, Public Defender, and Sean K. Ahmed, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and E. Paul Stanley, Assistant Attorney General, Daytona Beach, for Appellee.
*885 W. SHARP, Judge.
Newberry argues on appeal that the sentence he received after pleading guilty to aggravated child abuse,[1] exceeded the permissible guidelines range, because his crime was scored as a level 8 offense. He was given a total sentencing score of 74, and sentenced to five years in the state prison. We agree reversible error occurred in this case and remand for resentencing with a proper scoresheet.
The state argues that the sentence should be sustained because it was part of a plea bargain, for which the state dropped a second count. If Newberry had been convicted of both crimes, based on a scoresheet which would have included both crimes, the score would have permitted the sentence which is being appealed (eleven years). However, the plea bargain in this case lacked any agreement about the length of sentence.
Apparently, both Newberry and the State were unaware that the crime to which he pled guilty was only a Level 4 offense. If scored properly, Newberry's scoresheet for that crime should only have been 40.2 points. At that level, the trial court's decision to incarcerate him or not is discretionary, not mandatory, and the maximum sentence permitted (absent a departure sentence) is 15.25 months. See Fla. R.Crim. P. 3.990.
It is significant that Newberry is not trying to withdraw his guilty plea. The record clearly shows that Newberry pled guilty to a Level four offense only, and the state agreed under those circumstances to drop the other criminal charge against him. A deal is a deal, even though it is a bad one for the state.
REVERSED and REMANDED for resentencing.
PETERSON, C.J., and GOSHORN, J., concur.
NOTES
[1] § 827.03(b) and (c), Fla. Stat. (1993).