PER CURIAM.
On July 15, 1997, a jury found appellant Turane Rouse guilty of aggravated battery. On September 10, 1997, the trial court adjudicated him guilty and sentenced him to five years in the Department of Corrections, followed by five years of probation. Defense counsel filed a timely motion to correct a sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b). The basis for the motion was that the guidelines scoresheet was erroneously computed, in that it characterized a prior felony conviction for aggravated child abuse as a level eight offense, instead of a level four offense. This court has jurisdiction of the appeal. See § 924.051(3), Fla. Stat. (1997); Fla.R.App.P. 9.140(d)(2).
*585 The sole point on appeal concerns the proper classification of appellant’s 1995 conviction for aggravated child abuse. In 1995, appellant was charged with violating section 827.03(1), Florida Statutes (1995). The information charged that appellant “did unlawfully, feloniously commit an aggravated battery upon and maliciously punish D.K. (a minor), a child of 5 years of age, by beating D.K. (a minor) with an extension cord.” Under sections 827.03(1)(a) & (c), Florida Statutes (1995), a person could commit aggravated child abuse by committing either an aggravated battery upon a child or maliciously punishing a child. Appellant pled guilty to the charge in March, 1996. The trial court adjudicated him to be guilty and placed him on probation for five years. The judgment of conviction simply lists the conviction as being under “offense statute no. 827.03(1).”
Under the current version of the statute, aggravated child abuse by the commission of an aggravated battery or malicious punishment is contained in subsections 827.03(2)(a) & (b), Florida Statutes (1997). Section 827.03(2) covers aggravated child abuse, containing all forms of conduct that can comprise the crime in subsections 827.03(2)(a)-(c). Section 921.0012(3), Florida Statutes (1997), classifies an offense committed under section “827.03(2)” as a level 8 offense. To determine the identity of a felony offense and the correct severity level, the legislature has indicated that the “numerical statutory references in the left column of the chart and the felony degree designations in the middle column of the chart are controlling.” § 921.0012(2), Fla. Stat. (1997). The listing of section “827.03(2)” in the appropriate column of the statutory chart signifies a legislative intent to treat all aggravated child abuse convictions as level 8 offenses, no matter which conduct under subsections 827.03(2)(a)-(c) formed the basis of the conviction. Similarly, the 1995 statute classified section “827.03(2)” as a level 8 offense. See § 921.0012(3)(h), Fla. Stat. (1995). Section 827.03(2), Florida Statutes (1995), merely classified aggravated child abuse as a second degree felony, leading to the conclusion that the legislature intended to place all violations of that statute into the level 8 category, no matter what conduct comprised the criminal act.
Jenkins v. State, 661 So.2d 411 (Fla. 4th DCA 1995), relied upon by appellant, is distinguishable. While Jenkins did involve the proper scoring of aggravated child abuse under the sentencing guidelines, the applicable statute was the 1994 version of section 921.0012. That statute classified only section 827.03(1)(a), Florida Statutes (1993), as a level 8 offense. See § 921.0012, Fla. Stat. (Supp.1994). Subsection (l)(a) defined aggravated child abuse as “one or more acts committed by a person who [ejommits aggravated battery on a child.” Because the other methods of committing aggravated child abuse under subsections 827.03(l)(b)-(d) were not specifically listed in section 921.0012, Jenkins held that those offenses were properly scored under section 921.0013(2) as level 4 offenses. As we have discussed above, in 1995 the legislature began to designate section 827.03(2) as a level 8 offense,. a less restrictive classification than was operative in Jenkins.
For these reasons, we conclude that the trial court properly classified the 1995 conviction as a level 8 offense.
AFFIRMED.
STONE, C.J., and WARNER and GROSS, JJ., concur.