SAWAYA, J.
Walter Carl Holt appeals the summary denial of his motion to correct sentence filed pursuant to rule 3.800(a), Florida Rules of Criminal Procedure. Holt was convicted of aggravated child abuse, which offense was committed on July 7, 1995. Specifically, Holt was convicted of violating sections 827.03(l)(b) and (c), Florida Statutes (1993) and was sentenced to a term of probation. Holt subsequently violated his probation and was sentenced pursuant to the guidelines to 53.4 months’ incarceration.
Holt raises an error in the guidelines scoresheet which is apparent on the face of the record. The aggravated child abuse conviction was scored as the primary offense on the guidelines scoresheet and was classified as a level 8 offense. Under the sentencing guidelines in effect at the time of Holt’s offense, the only form of aggravated child abuse listed in level 8 of the offense severity ranking chart was section 827.03(l)(a). See § 921.0012, Fla.Stat. (1994 Supp.) (level 8). The offenses contained in sections 827.03(l)(b) and (c) are unlisted second degree felonies which were ranked as level 4 offenses pursuant to § 921.0013(2), Fla.Stat. (1993). Holt claims that if his conviction for aggravated child abuse had been ranked as a level 4 offense, it would have been scored as an additional offense, since he was also sentenced at the same time for his conviction for lewd and lascivious act. The latter offense was ranked at level 7 and would be scored as the primary offense on a corrected scoresheet.' Holt asserts that under a corrected scoresheet, his guideline range would be 25.8 to 43 months’ incarceration.
In denying the rule 3.800(a) motion, the trial court held that the primary offense of aggravated child abuse was properly scored at level 8. However, in Newberry v. State, 677 So.2d 884 (Fla. 5th DCA 1996), this court vacated a sentence imposed for aggravated child abuse because the conviction was erroneously scored as a level 8 offense when it should have been scored as a level 4 offense. Like Holt, the defendant in Newberry had been convicted of aggravated child abuse under sections 827.03(l)(b) and (c), Florida Statutes (1993). See also Jenkins v. State, 661 So.2d 411 (Fla. 4th DCA 1995).[1]
Based on Newberry, the order denying the rule 3.800(a) motion is reversed, and the case is remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
COBB and SHARP, W., JJ., concur.

. Section 921.0012, Florida Statutes, was amended after the commission of Holt’s offense to include a broader definition of aggravated child abuse under level 8. See § 921.0012(3)(h), Fla.Stat. (1995) (applicable to offenses committed on or after October 1, 1995); Rouse v. State, 720 So.2d 584 (Fla. 4th DCA 1998).