670 So.2d 1105 (1996)
Christopher SUMMERS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-00384.
District Court of Appeal of Florida, Second District.
March 27, 1996.
PER CURIAM.
Christopher Summers appeals the denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. We reverse because the trial court did not attach portions of the file and records conclusively showing that he is not entitled to relief.
The appellant raised two issues in his motion, neither of which was raised in his direct appeal, Summers v. State, 625 So.2d 876 (Fla. 2d DCA 1993), certified question answered, 642 So.2d 742 (Fla.1994). Five cases were challenged in that appeal, including No. 91-8844, which is the subject of this motion. This court upheld the appellant's conviction for grand theft and his sentence of two-and-a-half years in No. 91-8844. Now, he alleges that he was illegally resentenced, post-appeal, to an enhanced sentence of five-and-a-half years in that case. The trial court was without jurisdiction to resentence, the appellant argues, since the sentence had been upheld on appeal. He also contends that the trial court "set aside" the case in question on the same date as the resentencing, December 6, 1993. We would need to see relevant portions of the record to conclusively refute these assertions. The trial court offered no factual basis or record support, and its order denying the motion is inadequate on that issue.
The second issue raised by the appellant is that the trial court erred when it sentenced him as a habitual offender upon revocation of probation. He seems to be referencing the five-and-a-half-year sentence he lists on his motion's "statement of the facts," along with a sentencing date of June 20, 1995. He cites Snead v. State, 616 So.2d 964 (Fla.1993), for the proposition that a court cannot order a habitual offender sentence upon probation revocation following a guilty or nolo plea *1106 unless the defendant could have been sentenced initially as a habitual offender, and received proper notice of that possibility. Again, without factual basis or record support, we cannot determine whether the second claim is refuted conclusively.
We must reverse and remand for further proceedings in accord with Watson v. State, 661 So.2d 72 (Fla. 2d DCA 1995). On remand, if the trial court again summarily denies the motion, it must attach those portions of the record or files which refute these claims.
Reversed and remanded for further proceedings.
CAMPBELL, A.C.J., and FRANK and ALTENBERND, JJ., concur.