690 So.2d 1358 (1997)
Kimberly DUCHARME, Appellant,
v.
STATE of Florida, Appellee.
No. 97-00749.
District Court of Appeal of Florida, Second District.
April 2, 1997.
LAZZARA, Judge.
The appellant, Kimberly Ducharme, seeks our review of an order denying her motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand because the trial court failed to attach to its order any portions of the record which conclusively refute the appellant's allegation that her sentence is the illegal product of an incorrect classification of the severity ranking level of her primary offense.
The appellant claimed in her motion that she was sentenced in April of 1996 to eighty-four months in prison followed by five years of probation for the offense of "Fla.Stat. 827.03AGGRAVATED CHILD ABUSE." She further alleged that this crime was incorrectly classified as a level 8 primary offense under the severity ranking chart of "section 921.0012," resulting in the assessment of 74 points. The appellant contended that because her offense was not specifically listed in "section 921.0012," its severity level as the primary offense should have been ranked at level 4 in accord with "section 921.0013," which would have resulted in the assessment of 22 points. She claimed, therefore, that had the severity ranking level of her primary *1359 offense been properly classified on her scoresheet, her sentencing range would have been reduced to 30.3 months to 50.5 months.
The trial court denied the motion on the basis that a review of the record led to the conclusion that the appellant "was assessed the proper number of points on her scoresheet." It supported this determination by referring to the information which charged the appellant "with aggravated child abuse a second degree felony in violation of Florida Statutes Section 827.03" and by reviewing "section 921.0012 of the Florida Statutes" which showed "that a violation of Florida Statutes 827.03 is listed as a level 8 offense." The trial court, however, did not affix any record attachments to its order in support of its ultimate conclusion that the appellant was properly assessed sentencing points based on a correct classification of her primary offense as a level 8 offense.
Our ability to undertake a meaningful review of this case has been hampered because we are unable to determine from this record the type of "aggravated child abuse" the appellant committed and when she committed it. As we will demonstrate, these record-based facts are critical to any assessment involving the correctness of the appellant's claim that her sentence is illegal because this information directly governs which version of section 921.0012 applies to her offense.
In 1984, the Florida legislature amended section 827.03, Florida Statutes (1983), to provide as follows:
(1) "Aggravated child abuse" is defined as one or more acts committed by a person who:
(a) Commits aggravated battery on a child;
(b) Willfully tortures a child;
(c) Maliciously punishes a child; or
(d) Willfully and unlawfully cages a child.
(2) A person who commits aggravated child abuse is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
See Ch. 84-238, § 1, at 1054, Laws of Fla. (codified at § 827.03, Fla.Stat. (Supp.1984)).[1]
Thus, the legislature defined the generic term of "aggravated child abuse" to encompass one or more of four separate criminal acts perpetrated against a child. The distinction between these categories of criminal conduct and when they were committed becomes important in determining whether such conduct qualifies as a level 8 offense under the severity ranking chart of section 921.0012 or as a level 4 offense under section 921.0013.
In 1993, the legislature undertook a substantial revision of the sentencing guidelines through the enactment of chapter 93-406, Laws of Florida. In doing so, it created section 921.0012, Florida Statutes (1993), which established a severity ranking chart with ten offense levels to be used in computing a sentencing score for defendants committing felonies on or after January 1, 1994. See Ch. 93-406, § 10, at 2925-2937, Laws of Fla. In ranking felony offenses according to their severity level, the chart delineates each listed felony in terms of its statutory designation (left column), its felony degree (middle column), and its description (right column). Id. The legislature further provided through newly enacted section 921.0014, Florida Statutes (1993), that the higher the severity level for a felony offense, the more points were to be assessed for it whether it was designated the primary offense at conviction, an additional offense at conviction, or a prior felony conviction. See Ch 93-406, § 12, at XXXX-XXXX, Laws of Fla.[2] Finally, the legislature also created section 921.0013, Florida Statutes (1993), which provided that any offense *1360 not listed in the severity ranking chart would be assigned a severity ranking level based on the statutory degree of the felony committed. See Ch. 93-406, § 11, at 2937, Laws of Fla.
Based on the interplay of these statutes, a person who committed aggravated child abuse could only be assigned a level 8 severity ranking, calling for the assessment of 74 points for this offense as the primary offense, if the abuse involved aggravated battery on a child in violation of section 827.03(1)(a). See §§ 921.0012(3)(h) and 921.0014(1). Any violation of the statute based on subsections (b), (c), or (d) would require a level 4 ranking mandating the assessment of 22 points consistent with a felony of the second degree. See §§ 921.0013(2) and 921.0014(1); Jenkins v. State, 661 So.2d 411, 412 (Fla. 4th DCA 1995); accord Newberry v. State, 677 So.2d 884 (Fla. 5th DCA 1996); see also Fla.R. of Crim.P. 3.702(c) ("Felony offenses not listed in section 921.0012 are to be assigned a severity level as described in section 921.0013").
In 1994, the legislature amended section 921.0012 and provided that the amendment would apply to offenses committed on or after July 1, 1994. See Ch. 94-307, § 3, at 2138-2150, and § 4, at 2150, Laws of Fla. (codified at § 921.0012, Fla.Stat. (Supp. 1994)). This amendment, however, did not effectuate any change in the severity ranking level for the various categories of criminal conduct constituting the offense of aggravated child abuse as we have just described it under the 1993 version. Compare § 921.0012(3)(h), Fla.Stat. (1993) with § 921.0012(3)(h), Fla.Stat. (Supp.1994).
In 1995, the legislature further amended section 921.0012 applicable to offenses committed on or after October 1, 1995. See Ch. 95-184, § 5, at 1679-1693, Laws of Fla. (codified at § 921.0012, Fla.Stat. (1995)). This amendment may have altered the manner in which the offense of aggravated child abuse committed on or after October 1, 1995, is to be ranked in terms of its severity level. Section 921.0012(3)(h) provided that a violation of section 827.03(2), which is the catchall section punishing all species of such abuse as a second-degree felony, must be ranked at a severity level of 8 even though it continued to describe the offense to be ranked at this level as one involving the commission of aggravated battery on a child. Thus, it would seem that the legislature may have intended to classify all categories of a violation of the aggravated child abuse statute occurring on or after October 1, 1995, at a level 8 severity ranking.
Our speculation for this observation is prompted by recent amendments to both section 921.0012, Florida Statutes (1995), and section 921.0013, Florida Statutes (1995), effective October 1, 1996. See Ch. 96-388, § 51, at 2340, § 52, at 2352, Laws of Fla. By these amendments, the legislature added virtually identical language to each of these statutes clarifying how a determination is to be made as to whether a felony offense is specifically listed in the offense severity ranking chart under section 921.0012(3) and what severity level is to be assigned under the chart. It provided, in that regard, that "the numerical statutory reference[s] in the left column of the chart[,] and the felony degree designation[s] in the middle column of the chart[,] are controlling; the language in the right column of the chart is provided solely for descriptive purposes." See § 921.0012(2), Fla.Stat. (Supp.1996) and § 921.0013, Fla.Stat. (Supp.1996) (emphasis added).
It can be argued, therefore, that through these amendments the legislature sent a clear message that it has never considered the description of the offense to be a controlling factor in ranking the severity level of that offense under prior versions of sections 921.0012 and 921.0013. See, e.g., Ivey v. Chicago Ins. Co., 410 So.2d 494, 497 (Fla.1982) (restating general principle of statutory construction that a court has a right and duty to consider subsequent legislation in arriving at a correct meaning of prior statute). However, because this precise issue is not before us and because the state of this record is undeveloped as to the nature of the appellant's offense and when she committed it, it would be inappropriate for us to reach the merits of such an argument. See Jacques v. Wellington Corp., 134 Fla. 211, 183 So. 718 (1938) (in reviewing order of circuit court, appellate court should confine itself to those matters *1361 and questions before the lower court and should not go beyond the record made and appearing in the lower court).
It should be readily apparent, even in light of this rather detailed and somewhat torturous statutory analysis, that our ability to assess properly the appellant's claim turns on two critical factors which should be easily available from the face of her trial court record but are not before us: the exact nature of her aggravated child abuse offense and the date she committed it. Without this record-based information, we are simply unable to determine which version of section 921.0012 applies and whether that version was properly invoked to classify the appellant's primary offense at a level 8 severity ranking thus mandating the assessment of 74 points. Accordingly, there is nothing more that we can do except to reverse the trial court's order and to remand with directions that it reconsider the appellant's motion. We remind the trial court that in the event it should again deny relief, it must attach to its order those relevant parts of the record conclusively refuting the appellant's claim. See Summers v. State, 670 So.2d 1105 (Fla. 2d DCA 1996).
Finally, it should also be obvious from our analysis that the Florida legislature has demonstrated a proclivity to undertake yearly amendments to section 921.0012 since its enactment in 1993 and to apply each of these amendments to felonies committed on or after specific dates. Indeed, in 1996, the legislature enacted no less than thirteen amendments to the statute effective for offenses committed on or after October 1, 1996. See historical notes to § 921.0012, Fla.Stat. (Supp.1996). In view of this legislative inclination to change the contours of this most important of sentencing guidelines statutes on a yearly basis, it is extremely vital that trial courts and attorneys insure that the correct version of the statute is properly applied in determining and ultimately classifying the severity ranking level of an offense committed on a particular date. Cf. Quirk v. Anthony, 563 So.2d 710, 713 (Fla. 2d DCA 1990) (cautioning judges and lawyers against applying wrong underinsured motorist statute, section 627.727(1), in view of many amendments to statute after its creation), approved, 583 So.2d 1026 (Fla.1991). Otherwise, easily avoidable sentencing errors of an illegal nature will inevitably occur requiring appellate intervention to correct them at an unnecessary cost of judicial resources.
We, therefore, reverse the trial court's order denying the appellant's motion to correct an illegal sentence and remand for further consideration of the motion consistent with the views expressed in this opinion.
Reversed and remanded with directions.
FRANK, A.C.J., and PATTERSON, J., Concur.
NOTES
[1] This statute remained unchanged until 1996, when the legislature substantially revised it with an effective date of October 1, 1996. See Ch. 96-322, § 8, at 1770-1771, § 30, at 1798, Laws of Fla. (codified at § 827.03, Fla.Stat. (Supp.1996)). Because the appellant obviously committed her offense prior to October 1, 1996, the revised statute is not at issue in this appeal.
[2] In 1995, the legislature amended section 921.0014 to increase the number of points assessed for offenses found in several severity levels. See Ch. 95-184, § 6, at 1693-1698, Laws of Fla. (codified at § 921.0014, Fla.Stat. (1995)). It made no such changes in the 1996 amendment to the statute. See Ch. 96-388, § 53, at 2352-2356, Laws of Fla. (codified at § 921.0014, Fla. Stat. (Supp.1996)).