COPE, Judge.
Travis Demetris Hicks appeals his sentence imposed after revocation of probation. We affirm.
Defendant-appellant Hicks pled nolo con-tendere to the offense of possession of cocaine with intent to sell or deliver, in violation of section 893.13(1)(a)1, Florida Statutes. He was placed on probation, which was revoked in 1997. He appeals the sentence imposed, claiming scoresheet error.
Defendant contends that his violation of section 893.13(l)(a)l, Florida Statutes, should have been scored at level four, rather than level five, on the statutory offense severity ranking chart. We disagree. Under the applicable chart, a violation of section 893.13(1)(a)1 is a level five offense. See § 921.0012, Fla. Stat. (Supp.1994).[1]
Defendant points out that the column labeled “description” in the statutory chart describes a violation of section 893.13(1)(a)1 as “[s]ell, manufacture, or deliver co-caine_” § 921.0012, Fla. Stat. He argues that since the “description” column does not mention possession of cocaine with intent to sell or deliver, it follows that the Legislature intended to exclude possession with intent to sell or deliver from the level five ranking. If that analysis is correct, then defendant would be entitled to the level four ranking for otherwise unclassified second degree felonies. See § 921.0013(2), Fla. Stat. (1993).
We reject defendant’s argument on this point. The ranking chart is intended to be applied by statute number, with the “description” column serving as an aid to reference. In the event of inconsistency, the numerical statutory listing is, in our view, controlling. It is illogical to believe that in creating an exhaustive listing like the offense severity ranking chart, the Legislature would include part of an offense— sale, manufacture, or delivery of cocaine— and simultaneously leave unmentioned the remainder of the same statutory offense— possession of cocaine with intent to sell, manufacture, or deliver it. See § 893.13(1)(a)1, Fla. Stat. (1993).[2]
As his second point on appeal, defendant contends that the trial court used the wrong scoresheet. Because this argument was not presented to the trial court at sentencing, or by postsentencing motion under Florida Rule of Criminal Procedure 3.800(b), it is not preserved for appellate review and we do not consider it. See § 924.051, Fla. Stat. (1997).[3] As the State concedes that defendant’s point is well taken, our ruling is without prejudice to the defendant to seek postconviction relief.
Affirmed.

. This statute applies because defendant committed the crime on February 22, 1995.

. For offenses committed on or after October 1, 1996, the offense severity ranking chart has been amended to say that, "For purposes of determining which felony offenses are specifically listed in the offense severity ranking chart and which severity level has been assigned to each of these offenses, the numerical statutory references in the left column of the chart and the felony degree designations in the middle column of the chart are controlling; the language in the right column of the chart is provided solely for descriptive purposes.” § 921.0012(2), Fla. Stat. (Supp.1996); ch. 96-388, § 51, at 2340-41, Laws of Fla.

.This was a 1997 sentencing to which section 924.051, Florida Statutes, was applicable.