750 So.2d 125 (2000)
Dennis J. McPHERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-3413.
District Court of Appeal of Florida, Second District.
January 19, 2000.
*126 PER CURIAM.
Dennis J. McPherson appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. The trial court failed to attach to its order any record documents which refute McPherson's claims. Therefore, we reverse and remand for further proceedings.
In his motion, McPherson alleged that the court records would show that he did not receive all of the credit to which he was entitled for time served in the Pasco County Jail prior to his sentencing in this Pinellas County case. Such a claim is cognizable in a rule 3.800 proceeding and is facially sufficient. See State v. Mancino, 714 So.2d 429 (Fla.1998). On remand, the trial court shall review the relevant court records to determine if McPherson is, in fact, entitled to additional jail credit. See Hidalgo v. State, 729 So.2d 984 (Fla. 3d DCA 1999).
McPherson also alleged that his guidelines scoresheet contains errors that were apparent on the face of the document. An error cognizable from the face of the guidelines scoresheet may be reviewed in a motion to correct illegal sentence. See Lomont v. State, 506 So.2d 1141 (Fla. 2d DCA 1987). Therefore, this is a facially sufficient claim for relief. However, the trial court's order of denial failed to address this claim raised in McPherson's motion or to attach any record documents to refute the claim.
Accordingly, we reverse the order denying relief to McPherson and remand to the trial court for further proceedings. If the trial court again denies McPherson relief, it shall attach those portions of the record which refute his claims. See Summers v. State, 670 So.2d 1105 (Fla. 2d DCA 1996); Becton v. State, 668 So.2d 1107 (Fla. 2d DCA 1996).
Reversed and remanded.
FULMER, A.C.J., and WHATLEY and NORTHCUTT, JJ., Concur.