PER CURIAM.
The defendant, Guido Ruben Zirio, appeals from the denial of his 3.850 and 3.800 motions below. We affirm, in part, and reverse, in part.
The trial court properly denied the defendant’s 3.850 motion where the motion was untimely filed. There was over a two-year time span between the date that the defendant’s conviction and sentence became final and the date that the defendant filed the instant motion for post-conviction relief. Also, none of the applicable exceptions to the limitations period are present. See Bannister v. State, 606 So.2d 1247 (Fla. 5th DCA 1992). Therefore, we affirm the trial court’s denial of the defendant’s 3.850 motion.
With regard to the denial of the defendant’s 3.800 motion, the defendant contends, and the State properly concedes, that he was sentenced pursuant to the 1995 sentencing guidelines and that these guidelines were invalidated by Heggs v. State, 759 So.2d 620 (Fla.2000). The defendant’s offense in this case occurred on December 28, 1995, which falls within the window period as .determined by the Florida Supreme Court in Trapp v. State, 760 So.2d 924 (Fla.2000) (holding that the window period for challenging Chapter 95-184 opened on October 1, 1995, and closed on May 24, 1997). Accordingly, we remand this case for re-sentencing under the guidelines in effect prior to the enactment of Chapter 95-184.
Affirmed, in part; reversed, in part, and remanded for re-sentencing.