ON MOTION FOR REHEARING

PER CURIAM.
The opinion filed in this case on August 30, 2000 is vacated and withdrawn and the following opinion is substituted in its place. The appellant, Gary P. Potter, appeals the summary denial of his motion to vacate an illegal sentence entered after a bench trial conducted approximately seventeen years ago. In the motion filed below, for the first time, Potter alleged that he was incompetent to stand trial when his trial was held, citing both rule 3.800(b) and rule 3.850(b)(1) and (2), Florida Rules of Criminal Procedure. He relies on Jones v. State, 740 So.2d 520 (Fla.1999).
A review of the record discloses that Potter’s 3.850 motion was untimely filed as there was well over a two-year time span between the date that his conviction and sentence became final and the date that he filed the instant motion for post-conviction relief. Also, none of the applicable exceptions to the limitations period are present. See Zirio v. State, 762 So.2d 1060 (Fla. 3d DCA 2000).
*520 As to his claim under rule 3.800(a), that rule is limited to the correction of illegal sentences which do not require an evidentiary hearing and his contentions do not support such a result. See State v. Mancino, 714 So.2d 429, 433 (Fla.1998); Adlington v. State, 735 So.2d 513 (Fla. 4th DCA 1999).
For these reasons, we affirm the denial of Potter’s motion for post-conviction relief.