780 So.2d 188 (2001)
Michael SHAW, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2955.
District Court of Appeal of Florida, Second District.
January 31, 2001.
*190 PER CURIAM.
Michael Shaw appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
Shaw was convicted of four counts of sexual battery by multiple perpetrators. On May 19, 2000, Shaw filed his rule 3.850 motion, asserting that his sentence was illegal for the following reasons: (1) miscalculations and erroneous scoring of victim injury points in the scoresheet; (2) his sentence exceeded the statutory maximum; (3) his sentence violated the double jeopardy prohibition; (4) the trial court did not have a proper presentence investigation report; and (5) Shaw was incompetent to stand trial and to be sentenced.
The trial court treated the motion as a motion to correct an illegal sentence, pursuant to Florida Rule of Criminal Procedure 3.800(a). The trial court summarily denied Shaw's motion on three bases. First, the trial court denied the motion as cumulative, stating, "[A]ll of the issues raised in this motion are identical to those raised in a similar motion filed by the Defendant on or about September 16, 1998. All of these issues were denied by the Court at that time." Second, the trial court denied Shaw's motion because the issues raised are not properly addressed pursuant to rule 3.800(a). The trial court held that the issues should have been raised on direct appeal. Third, the trial court ruled that, even if it had considered the motion under rule 3.850, the motion would have been denied as untimely. Shaw timely filed a notice of appeal.
Initially, we affirm as to the trial court's ruling that Shaw's motion would be untimely if reviewed pursuant to rule 3.850. A rule 3.850 motion must be filed within two years of the date the judgment and sentence became final. See Fla. R.Crim.P. 3.850(b). The judgment and sentence become final when the appellate court issues its mandate to the trial court. See Beaty v. State, 701 So.2d 856, 857 (Fla.1997); Huff v. State, 569 So.2d 1247, 1250 (Fla.1990). This court issued its mandate in Shaw's direct appeal on March 8, 1995. He filed the subject motion on May 19, 2000. Accordingly, the trial court properly ruled that the motion is untimely under rule 3.850.
We next address whether the trial court properly held that Shaw's issues were not cognizable pursuant to rule 3.800(a). We agree as to all issues but one.
In issue one, Shaw asserts "severe scoresheet miscalculations and erroneous scoring of victim injury points and that inclusion of such points resulted in Defendant [sic] placement in higher sentencing cell that resulted in an illegal sentence." Shaw's motion does not elaborate on this issue and the supporting memorandum does not address it. These issues are not properly raised in a rule 3.800(a) motion because Shaw's bare assertion does not sufficiently identify any scoresheet errors and no errors are apparent from our review of the scoresheet. See Tosco v. State, 724 So.2d 1223, 1223 (Fla. 3d DCA 1998); Romano v. State, 718 So.2d 283, 283 (Fla. 4th DCA 1998); Judge v. State, 596 So.2d 73, 77 (Fla. 2d DCA 1991); Polmanteer v. State, 557 So.2d 678, 678 (Fla. 2d DCA 1990); Schneider v. State, 512 So.2d *191 308, 308 (Fla. 2d DCA 1987). We also observe that, if Shaw is asserting that victim injury points were wrongly scored for the sexual battery convictions, pursuant to Karchesky v. State, 591 So.2d 930 (Fla.1992), the argument is improper because the amended sentencing statutes superseded Karchesky. Pursuant to this amendment, sexual penetration may be scored for victim injury regardless of physical injury, as was done on Shaw's scoresheet. See Fulkroad v. State, 640 So.2d 1160, 1160-1161 (Fla. 2d DCA 1994). Accordingly, we affirm the trial court's conclusion that issue one is not properly raised in a rule 3.800(a) motion.
In issue two, Shaw asserts that his forty-seven year prison sentence exceeds the statutory maximum. He further argues in his supporting memorandum that the trial court erroneously enhanced his first-degree felony offenses to life felonies. This issue is properly addressed in a rule 3.800(a) motion. In Davis v. State, 661 So.2d 1193, 1196 (Fla.1995), the Florida Supreme Court reiterated, "an illegal sentence is one that exceeds the maximum period set forth by law for a particular offense without regard to the guidelines." As such, it may be corrected by a rule 3.800(a) motion. Id. We accordingly reverse the trial court's order as to this claim. However, to the extent that Shaw's supporting memorandum suggests that the trial court also failed to file written findings for a departure sentence, this is not properly raised in a rule 3.800(a) motion and we affirm as to this claim. See id. at 1196-97; Gartrell v. State, 626 So.2d 1364, 1365 (Fla.1993).
In issue three, Shaw asserts that his sentence violates the double jeopardy prohibition. Such claims are not cognizable through a motion filed pursuant to rule 3.800(a), see Sanders v. State, 621 So.2d 723, 727 (Fla. 5th DCA 1993), unless the claim can be resolved without resort to an evidentiary hearing. See Hopping v. State, 708 So.2d 263, 265 (Fla.1998). Shaw's rule 3.800(a) motion did not allege that this issue could be addressed without an evidentiary hearing, and we see no basis for concluding that it could be determined solely from the record. Therefore, the trial court's order is affirmed on this basis.
In issue four, Shaw asserts that the trial court did not have a proper presentence investigation report. The trial court's alleged failure to consider a presentence investigation report is merely a procedural error in the sentencing process, reviewable only on direct appeal. See Moore v. State, 768 So.2d 1140, 1142 (Fla. 1st DCA 2000). Accordingly, the trial court's order is affirmed on this basis as well.
Finally, issue five asserts that Shaw was not competent to stand trial and to be sentenced. This issue cannot be raised in a rule 3.800(a) motion because an evidentiary hearing is necessary to resolve the allegation. See Potter v. State, 769 So.2d 519 (Fla. 3d DCA 2000). Therefore, the trial court's order is affirmed as to this ruling.
As to each of these issues, the trial court also denied relief because it had previously denied relief on each ground in considering Shaw's September 16, 1998, motion. While rule 3.800(a) does not prohibit successive motions, as does rule 3.850, a defendant is not entitled to successive review of a specific issue that has already been decided. See Fuston v. State, 764 So.2d 779, 779 (Fla. 2d DCA 2000); Price v. State, 692 So.2d 971, 971 (Fla. 2d DCA 1997); Burns v. State, 637 So.2d 937, 937 (Fla. 2d DCA 1994). However, the trial court failed to attach Shaw's September 16, 1998, motion or the trial court's order on that motion. When ruling on a facially sufficient rule 3.800(a) motion, the trial court must justify the denial of the motion with attachments from the record. See Ducharme v. State, 690 So.2d 1358, 1361 (Fla. 2d DCA 1997); Summers v. State, 670 So.2d 1105, 1105 (Fla. 2d DCA 1996); Becton v. State, 668 So.2d 1107, 1108 (Fla. 2d DCA 1996).
*192 As a general rule, the failure to attach portions of the record requires us to reverse on all claims. See Waterfield v. State, 736 So.2d 735, 736 (Fla. 2d DCA 1999). However, in this case, all of Shaw's claims, except one, are not cognizable under rule 3.800(a). We, therefore, reverse and remand only as to the excessive sentence and erroneous enhancement claim. On remand, the trial court may again deny relief, provided that the record attachments conclusively demonstrate that the issue was previously denied. If the trial court record does not establish that Shaw raised this issue in his previous motion, the trial court shall address whether it erroneously enhanced Shaw's offense and sentenced him in excess of the statutory maximum.
Affirmed in part, reversed in part, and remanded for further proceedings in accordance with this opinion.
FULMER, A.C.J., and WHATLEY and STRINGER, JJ., concur.