PER CURIAM.
Jarrod Geissenberger seeks review of the trial court’s order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Geissenberger raised three issues of ineffective assistance of counsel in his motion. However, the trial court denied the motion, which was filed on March 26, 2001, as untimely filed. Because the trial court’s finding that Geissenberger’s conviction and sentence became final on January 28, 1999,[1] is contradictory to allegations in the motion and is not supported by record attachments, we reverse.
The trial court’s finding that the motion was untimely was based on its conclusion that Geissenberger had not pursued a direct appeal from his conviction. However, Geissenberger’s motion alleges that this court heard a direct appeal from his conviction, see Geissenberger v. State, 753 So.2d 94 (Fla. 2d DCA 1999) (table), and that review was dismissed by the supreme court on February 2, 2000, see Geissenber- *1241 ger v. State, 751 So.2d 1252 (Fla.2000) (table). Thus, it appears that Geissenber-ger’s convictions and sentences did not become final until February 2, 2000. His motion filed on March 26, 2001, would have been timely under rule 3.850. Accordingly, we reverse and remand for the trial court to reconsider the motion. If the trial court denies relief on remand, it should attach those portions of the record which refute Geissenberger’s claim. See McPherson v. State, 750 So.2d 125, 126 (Fla. 2d DCA 2000).
PARKER, A.C.J., and WHATLEY and NORTHCUTT, JJ„ Concur.

. The order actually notes the date as January 28, 2001, but this appears to be a typographical error.