FULMER, Judge.
Larry Robinson challenges the order of the trial court denying his motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse the trial court’s denial of the third ground of Robinson’s motion and remand for resentencing with a corrected score-sheet.[1]
Robinson was convicted after jury trial of manslaughter and aggravated child abuse. He was sentenced to fifteen years’ incarceration on the manslaughter conviction followed by two years’ incarceration on the aggravated child abuse conviction. At sentencing, the trial court noted that the sentence was within the sentencing guidelines range and that no reasons existed for imposing an upward departure under the guidelines. The aggravated child abuse count in the information cited to section 827.03, Florida Statutes (1993), and alleged that Robinson committed aggravated child abuse by malicious punishment or, in the alternative, by committing an aggravated battery upon the child. The verdict form, however, failed to specify which subsection of section 827.03 Robinson violated, and the jury marked a box on the verdict form finding him guilty as charged.
The offense of aggravated child abuse is a second-degree felony regardless of the *1062 manner committed. However, under section 921.0012, Florida Statutes (Supp.1994), only where a defendant was convicted of aggravated child abuse by committing an aggravated battery on the child in violation of subsection (l)(a) of section 827.03 could an aggravated child abuse conviction be assigned a level eight ranking. Any other method of committing aggravated child abuse, including maliciously punishing a child in violation of subsection (l)(c) of the statute, was assigned a level four ranking. Ducharme v. State, 690 So.2d 1358 (Fla. 2d DCA 1997).[2]
In his motion, Robinson alleged that there was an error on the face of the scoresheet, because his aggravated child abuse conviction was assigned a level eight ranking, rather than a level four. This claim is cognizable in a rule 3.800(a) motion. See Ellis v. State, 795 So.2d 1015 (Fla. 2d DCA 2001). Because the jury verdict merely found Robinson guilty as charged of aggravated child abuse and failed to specify that he violated subsection 1(a) of section 827.03, the conviction should have been assigned a level four ranking. See Dorsey v. State, 722 So.2d 288 (Fla. 5th DCA 1998).
Accordingly, we reverse the denial of the third ground of Robinson’s motion and remand for resentencing on both counts of the information.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and SALCINES, JJ., Concur.

. Our holding in this case moots Robinson's appeal as regards the denial of the first and second grounds of his motion, and while we affirm the trial court’s ruling as to those claims, we do not find it necessary to address them.

. As stated in Ducharme, section 921.0012 was amended effective October 1, 1995, to provide that a violation of section 827.03(2) "which is the catchall section punishing all species of [aggravated child] abuse as a second-degree felony, must be ranked al a severity level of 8.” 690 So.2d at 1360. In the present case, Robinson committed the offenses prior to the effective date of this amendment.