FULMER, Judge.
Terry Giles appeals from the denial of his motion to correct an illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse because the record before us does not contain the date of the offense, and thus, we are unable to determine which version of the habitual offender statute applies.
According to Giles’ motion, in 1992 he was sentenced, pursuant to a plea bargain, to fifteen years as a habitual offender in case number 91-13787, a third-degree murder conviction. Giles asserted that he had two prior convictions, from 1977 and 1989, and he argued that he did not qualify for the habitual offender status because the 1977 conviction was fourteen years old and the 1989 conviction was for possession of cocaine. Pie also stated that the sen *486 tencing guidelines did not come into effect until 1983 and therefore using the 1977 case in the guidelines calculation was an ex post facto violation.
The trial court issued an order addressing Giles’ claims, with attachments of the judgment and sentence and the judgments of the predicate convictions used for habit-ualization. The case number of 91-13787 suggests that the offense for which Giles was given the habitual offender sentence was committed in 1990 or 1991. If so, it appears that the trial court did not apply the correct version of the habitual offender statute in addressing Giles’ motion.
Our review of this appeal, however, is hampered by the fact that the record does not reflect when Giles committed the third-degree murder. The sentencing document for that case does not specify the date of the offense nor does it appear anywhere else in the record before this court. Without this record based information, we are unable to determine which version of the habitual offender statute applies to this case and whether Giles’ priors were sufficient to satisfy the operative version. See Ducharme v. State, 690 So.2d 1358, 1361 (Fla. 2d DCA 1997). Accordingly, we must reverse and remand to the trial court for reconsideration of the motion. See id. In the event that the trial court again denies relief, it must attach to its order those relevant parts of the record conclusively refuting Giles’ claim. Id.
Reversed and remanded.
SILBERMAN and COVINGTON, JJ., Concur.