PER CURIAM.
Maynard David Selvog appeals the order ruling on his motion for jail credit time *771 filed under Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for further proceedings.
In his motion, Selvog claims entitlement to a total of 117 days of jail credit for time spent in the county jail from October 1, 2004, to January 25, 2005, in cases CF04-000361-XX and CF04-006955-XX. In addressing Selvog’s claims, the postconviction court found that in case CF04-000361-XX, Selvog was in county jail from January 20, 2004, to February 24, 2004, from April 5, 2004, to May 14, 2004, and from October 2, 2004, to January 25, 2005, thereby entitling Selvog to 192 days’ jail credit in case CF04-000361-XX. Because Selvog had received 196 days’ jail credit, the postconviction court denied his request for additional jail credit. As to case CF04-006955-XX, the postconviction court found that Selvog was in county jail from October 2, 2004, to January 25, 2005, thereby entitling Selvog to 116 days’ jail credit. Because Selvog received only 115 days’ jail credit, the postconviction court awarded Selvog one additional day of jail credit.
However, the postconviction court failed to provide any record attachments in support of its findings. We therefore reverse and remand for further proceedings. On remand, if the postconviction court again denies the claims, it shall attach those portions of the record that conclusively refute the claims. See McPherson v. State, 750 So.2d 125 (Fla. 2d DCA 2000).
Reversed and remanded for further proceedings.
STRINGER, YILLANTI, and LaROSE, JJ., Concur.