CASANUEVA, Judge.
Edward Gould appeals an order that dismisses a portion of claim one, denies a portion of claim one, and denies the remainder of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm, without comment, the postconviction court’s partial dismissal of claim one and the denial of claims two and three and reverse the partial denial of claim one.
In claim one of his motion, Gould alleged he entered his no contest plea based upon an improperly calculated scoresheet and, therefore, his plea was involuntary. He further alleged that had he been aware of the miscalculations made on the score-sheet, he would not have pleaded no contest. In denying the claim, the postconviction court concluded the claim was moot because Gould previously filed a rule 3.800(a) motion raising the same score-sheet errors, the errors were corrected, and Gould was resentenced on November 2, 2001.
Upon review of the July 26, 2000, rule 3.800(a) motion attached to the postconviction court’s order, this court finds that the postconviction court properly concluded that Gould raised the same scoresheet errors in his rule 3.800(a) motion. The post-conviction court’s order indicates that Gould was resentenced in response to his rule 3.800(a) motion. However, the record on appeal does not contain the postconviction court’s ruling on the rule 3.800(a) motion or the new scoresheet used at the November 2, 2001, resentencing.
Therefore, the record on appeal does not support the postconviction court’s finding that the scoresheet errors alleged in the rule 3.800(a) motion were corrected or that the November 2, 2001, resentencing resolved the alleged scoresheet errors, thereby making Gould’s involuntary plea claim moot. Accordingly, the attachments to the postconviction court’s order do not support its findings. We therefore reverse and remand for further proceedings. On remand, if the postconviction court again denies the claim, it shall attach those portions of the record that conclusively refute Gould’s claim. See McPherson v. State, 750 So.2d 125 (Fla. 2d DCA 2000).
Affirmed, in part, and reversed, in part, and remanded for further proceedings.
ALTENBERND and WALLACE, JJ., Concur.