LaROSE, Judge.
 

 Mitchell Jackson appeals the denial of his motion to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800(a). The trial court erroneously imposed a 100-year sentence for kidnapping. Consequently, we reverse for resentencing on this claim. In all other respects, we affirm.
 

 The jury convicted Mr. Jackson of one count of aggravated assault with a deadly weapon (firearm), one count of kidnapping with a firearm, and four counts of sexual battery with a firearm.
 
 See
 
 §§ 784.021, 787.01(l)(a)(3), 794.011(3), Fla. Stat. (1987). The trial court sentenced him to 100 years for the kidnapping as a first-degree felony; a consecutive life sentence for one sexual battery; forty-year sentences for the other three sexual batteries, concurrent with the first sexual battery sentence; and five years for the third-degree felony aggravated assault, concurrent with the sexual battery sentences.
 

 Kidnapping is a first-degree felony. § 787.01(2). Mr. Jackson’s use of a firearm resulted in a reclassification to a life felony.
 
 See
 
 § 775.087(l)(a), Fla. Stat. (1987). The maximum sentence for a life felony is life or a term of years not to exceed forty. § 775.082(3)(a). Thus, the 100-year sentence is illegal.
 
 See Shaw v. State,
 
 780 So.2d 188, 191 (Fla. 2d DCA 2001) (holding that an illegal sentence is one that exceeds the statutory maximum for a particular offense regardless of the guidelines). The State properly concedes error. We accordingly reverse and remand for resentencing on the kidnapping conviction.
 

 
 *1154
 
 We also address Mr. Jackson’s claim that the trial court erroneously imposed an upward departure sentence without written reasons.
 
 See
 
 Fla. R;Crim. P. 3.701(d)(ll) (providing any sentence outside permitted guidelines range must be accompanied by written statement of departure reasons). This claim is not cognizable under rule 3.800(a).
 
 See Wright v. State,
 
 911 So.2d 81, 83 (Fla.2005);
 
 Maddox v. State,
 
 760 So.2d 89 (Fla.2000);
 
 Davis v. State,
 
 661 So.2d 1193, 1196 (Fla.1995),
 
 receded from on other grounds hy Mack v. State,
 
 823 So.2d 746, 748-49 (Fla.2002);
 
 Shaw,
 
 780 So.2d at 191. We affirm on this point.
 

 We affirm, without further discussion, the postconviction court’s rulings on the other claims raised by Mr. Jackson.
 

 Affirmed in part, reversed in part, and remanded.
 

 WHATLEY and KELLY, JJ., Concur.