VILLANTI, Judge.
Mitchell David Jackson was convicted of one count of armed kidnapping with a firearm, four counts of armed sexual battery with a firearm, and one count of aggravated assault with a firearm based on events that occurred in 1987. In 2010, this court vacated Jackson’s sentence on the armed kidnapping conviction and remanded for resentencing on that single conviction. See Jackson v. State, 29 So.3d 1152, 1153 (Fla. 2d DCA 2010). Jackson now appeals from the resentencing. We affirm the forty-year sentence imposed at that resentencing hearing on the armed kidnapping conviction without further discussion.
In this appeal, Jackson also raises various arguments directed to his sentences on the four armed sexual battery convictions. We decline to address these arguments. *396 The issues giving rise to these arguments were first raised in the circuit court by a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), but the motion was filed only three days before the long-scheduled re-sentencing hearing on the armed kidnapping conviction. At the start of the resen-tencing hearing, the circuit court expressly declined to rule on the new 3.800(a) motion, noting that the only matter scheduled to be addressed was the resentencing on the armed kidnapping conviction. Thus, it appears from our record that Jackson’s rule 3.800(a) motion has never been ruled on and remains pending. Having failed to secure a ruling on that motion, Jackson is not entitled to appellate review of the issues raised in that motion at this point. See, e.g., Rhodes v. State, 986 So.2d 501, 513 (Fla.2008) (“To be preserved, the issue or legal argument must be raised and ruled on by the trial court.” (citing § 924.051(l)(b), Fla. Stat. (2006), and Philip J. Padovano, Flonda Appellate Practice § 8.1, at 148 (2007 ed.))).
On remand, if Jackson wishes the circuit court to consider his pending rule 3.800(a) motion, he should notify the court and obtain a ruling. However, we note that if Jackson is successful in obtaining a resen-tencing hearing on the armed sexual battery convictions, the State will be entitled to offer evidence to prove all of Jackson’s prior convictions. See Lucas v. State, 841 So.2d 380, 387 (Fla.2003) (“[A] resentenc-ing court is not limited by evidence presented (or not presented) in ... the original ... sentencing phase.”); Morton v. State, 789 So.2d 324, 334 (Fla.2001) (holding that in general a “ ‘resentencing should proceed de novo on all issues bearing on the proper sentence’ ” (quoting Teffeteller v. State, 495 So.2d 744, 745 (Fla.1986))); see also State v. Collins, 985 So.2d 985, 992-93 (Fla.2008) (finding that neither double jeopardy nor due process were violated by allowing the State to prove a defendant’s full prior record at resentenc-ing after the defendant’s original sentence is vacated as illegal). We express no opinion on the wisdom of Jackson’s decision to go forward with his rule 3.800(a) motion in light of his criminal record.
Affirmed.
ALTENBERND and KELLY, JJ., Concur.