DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CORY J. MORGAN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D20-720

[June 3, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Sherwood Bauer Jr., Judge; L.T. Case No. 20000059CFAXMX.

Carey Haughwout, Public Defender, and Paul Edward Petillo and Logan T. Mohs, Assistant Public Defenders, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Melynda L. Melear, Senior Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, C.J.

Appellant appeals his sentence for possession of heroin, claiming the offense should have been scored as a level 1 offense, rather than a level 3 offense. Because we find that the statutory provisions enacted by the legislature identify the offense in the severity ranking chart as a level 3 offense, we affirm.

Appellant entered an open plea to possession of heroin under section 893.13(6)(a), Florida Statutes (2019), and possession of drug paraphernalia. Before entering the plea, appellant objected to the scoresheet, arguing that his primary offense of possession of heroin should be scored as a level 1 offense, not a level 3 offense. Scoring the offense as a level 1 would reduce his total sentence points to less than 22 points, making him ineligible for a prison sentence absent a finding that he was a danger to the public. The trial court denied the motion. Appellant proceeded with the plea, reserving the right to appeal the denial of his objection to the scoresheet. After noting that this was appellant's sixth felony conviction, the trial court sentenced him to one year and one day in

prison for possession of heroin and time served for possession of drug paraphernalia.

On appeal, appellant argues that the trial court erred in scoring possession of heroin as a level 3 offense rather than a level 1 offense. Appellant claims that because possession of a controlled substance, section 893.13(6)(a), is listed under both level 1 and 3 in the Criminal Punishment Code offense severity ranking chart, it must be scored as a level 1 offense.

An allegation of scoresheet error presents a pure issue of law reviewed de novo. *Somps v. State*, 183 So. 3d 1090, 1092 (Fla. 4th DCA 2015).

The Criminal Punishment Code ranks the severity of felony offenses on a scale of level 1 to 10, with 10 being the most severe. § 921.0022(2), Fla. Stat. The offense severity ranking chart has three columns identifying the applicable statute, degree of felony, and a description of the categorized offense. § 921.0022(3), Fla. Stat. (2019). A point value is assigned to each level. § 921.0024(1)(a), Fla. Stat. (2019). A level 3 primary offense scores 16 points, while a level 1 primary offense scores 4 points. *Id.*

Two portions of the severity ranking chart in section 921.0022(3) are relevant to appellant's claim. Under the level 1 category, the legislature listed:

| Florida Statute | Felony Degree | Description |
|---|---|---|
| 893.13(6)(a) | 3rd | Possession of cannabis (more than 20 grams). |

Under the level 3 category, the legislature listed:

| Florida Statute | Felony Degree | Description |
|---|---|---|
| 893.13(6)(a) | 3rd | Possession of any controlled substance other than felony possession of cannabis. |

Appellant pled to possession of heroin in violation of section 893.13(6)(a). Section 893.13(6)(a) states:

A person may not be in actual or constructive possession of a controlled substance unless such controlled substance was lawfully obtained from a practitioner or pursuant to a valid prescription or order of a practitioner while acting in the course of his or her professional practice or to be in actual or constructive possession of a controlled substance except as otherwise authorized by this chapter. A person who violates this provision commits a felony of the third degree . . . .

Subsection (6)(b) provides that "[i]f the offense is the possession of 20 grams or less of cannabis, as defined in this chapter, the person commits a misdemeanor of the first degree . . . ."

The trial court properly overruled appellant's objection to the scoresheet because no error occurred. Possession of heroin was properly ranked as a level 3 offense. Although section 893.13(6)(a) is listed under both levels 1 and 3, the description section explains that the level 1 ranking is limited to possession of cannabis, while the level 3 ranking is intended for all other possession offenses, including possession of heroin. The statute and ranking chart were both enacted by the legislature in sections 893.13(6)(a) and 921.0022(3), respectively, and demonstrate an intent for possession of all controlled substance offenses to be treated the same except for felony possession of cannabis cases, which the legislature desired to treat less severely.

Appellant argues that a court cannot consider the "description" section of the ranking chart in determining the appropriate offense level. Appellant claims that the following statutory language makes the description column legally irrelevant:

For purposes of determining which felony offenses are specifically listed in the offense severity ranking chart and which severity level has been assigned to each of these offenses, the numerical statutory references in the left column of the chart and the felony degree designations in the middle column of the chart are controlling; *the language in the right column of the chart is provided solely for descriptive purposes.*

§ 921.0022(2), Fla. Stat. (emphasis added). If the "descriptive purposes" language was legally irrelevant, then the legislature would not have included it in the statutory scheme. In interpreting a statute, "courts should avoid readings that would render part of a statute meaningless," and courts "must give full effect to *all* statutory provisions . . . ." *Unruh v.*

3

*State*, 669 So. 2d 242, 245 (Fla. 1996) (citations omitted). "[T]he legislature does not intend to enact purposeless and therefore useless, legislation." *Id.* (citation and quotation marks omitted). Thus, we find that the addition of the third column for "descriptive purposes" is relevant in determining which level that offense should be.

Even if the relevant statutes were ambiguous, which they are not, affirmance would still be warranted under the canons of construction. Under the harmonious-reading canon, "there can be no justification for needlessly rendering provisions in conflict if they can be interpreted harmoniously." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 180 (2012). The purpose for this canon is to make the provisions of the statutory text be interpreted in a "compatible" not "contradictory" manner. "[O]ne part is not to be allowed to defeat another, if by any reasonable construction the two can be made to stand together." *Id.* (quoting Thomas M. Cooley, *A Treatise on the Constitutional Limitations Which Rest upon the Legislative Power of the States of the American Union* 58 (1868)). *See also Busby v. State*, 894 So. 2d 88, 100 (Fla. 2004) (rejecting an interpretation that would "directly undercut this Court's charge of interpreting statutes as a harmonious whole, giving effect to each of their constituent parts").

The provisions in section 893.13(6)(a) and the listings in the severity ranking chart can easily be harmonized. Although the severity ranking chart lists section 893.13(6)(a) in levels 1 and 3, only by referring to the description in the same severity ranking chart can the various provisions be harmonized. By referring to all the provisions, it is clear that level 1 is limited to felony possession of cannabis, and level 3 refers to all other controlled substances, including possession of heroin.

The other relevant canon of construction is the related-statutes canon. In this canon, the statutes are interpreted in pari materia ("in a like matter"), "as though they were one law." Scalia & Garner, *Reading Law* at 252. "Several acts in *pari materia*, and relating to the same subject, are to be taken together, and compared in the construction of them, because they are considered as having one object in view, and as acting upon one system." *Id.* (citation omitted). "So, if possible, it should no more be interpreted to clash with the rest of that corpus than it should be interpreted to clash with other provisions of the same law." *Id.* Thus, we should read other statutes, relating to the subject area, so the "body of law" should be compatible and not "clash." *See also State v. Fuchs*, 769 So. 2d 1006, 1009 (Fla. 2000) (recognizing that "statutes which relate to the same or closely related subjects should be read in pari materia"); *Hayes v. State*, 750 So. 2d 1, 3 (Fla. 1999) (reading related statutory

provisions in pari materia to achieve a consistent whole). By reviewing in pari materia the related statutes of sections 921.0022(2), 921.0022(3), and 893.13(6)(a), the legislature was stating that only felony possession of cannabis should be a level 1 for the purposes of the sentencing guidelines.[1]

In further support of his position, appellant relies on *Hicks v. State*, 711 So. 2d 1366 (Fla. 3d DCA 1998), and *Ducharme v. State*, 690 So. 2d 1358 (Fla. 2d DCA 1997). In *Hicks*, the Third District affirmed scoring possession of cocaine with intent to sell or deliver as a level five offense, rather than a level 4 offense. In reaching this conclusion, the Third District stated, "The ranking chart is intended to be applied by statute number, with the 'description' column serving as an *aid to reference*. In the event of *inconsistency*, the numerical statutory listing is, in our view, controlling." 711 So. 2d at 1367 (emphasis added). Contrary to appellant's contention, *Hicks* never stated that the description column was legally irrelevant but rather that it serves as an aid to reference. Additionally, *Hicks* stated that the statute column is controlling only in the event of an inconsistency, but here there is no inconsistency.

Appellant's reliance on *Ducharme* is also unavailing because in that case, the Second District declined to opine on the severity level of the offense because the "precise issue is not before us and because the state of this record is undeveloped as to the nature of the appellant's offense and when she committed it, [so] it would be inappropriate for us to reach the merits of such an argument." 690 So. 2d at 1360.

In sum, we affirm because the criminal statute under which appellant was charged and the ranking chart make clear that possession of heroin is to be treated as a level 3 offense.

*Affirmed.*

Damoorgian and Kuntz, JJ., concur.

*         *         *

***Not final until disposition of timely filed motion for rehearing.***

---

[1] Appellant also attempts to rely on a canon of construction to justify his position: the rule of lenity. However, the rule of lenity does not apply in the present case, since "the rule of lenity has no application when the statute is clear." Scalia & Garner, *Reading Law* at 301.