661 So.2d 72 (1995)
Michael Lamar WATSON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-00794.
District Court of Appeal of Florida, Second District.
June 16, 1995.
PER CURIAM.
Michael Lamar Watson appeals the summary denial of his motion for postconviction relief claiming he was not informed of the consequences of being sentenced as a habitual violent felony offender when he entered his guilty plea. Specifically, Watson claims he was not aware that he would lose gain-time, provisional credits, and eligibility for early release. "[I]n order for a defendant to be habitualized following a guilty or nolo plea, the following must take place prior to acceptance of the plea: 1) The defendant must be given written notice of intent to habitualize, and 2) the court must confirm that the defendant is personally aware of the possibility and reasonable consequences of habitualization." Ashley v. State, 614 So.2d 486, 490 (Fla. 1993). In a footnote, the court further explained that "[t]he defendant should be told of his or her eligibility for habitualization, the maximum habitual offender term for the charged offense, the fact that habitualization may affect the possibility of early release through certain programs, and, where habitual violent offender provisions are implicated, the mandatory minimum term... ." Id. at 490, n. 8.
We recognize that Watson entered a negotiated plea. However, neither the plea agreement nor the transcript of the plea colloquy attached to the court's order refute Watson's allegations. Accordingly, we reverse and remand for further proceedings as to the allegation regarding failure to inform Watson of the consequences of habitualization. If the trial court again denies the motion, it must attach portions of the record or files that refute the allegation. If the allegations cannot be refuted, Watson should be allowed to withdraw his plea and thereafter enter a new plea or proceed to trial.
Reversed and remanded.
CAMPBELL, A.C.J., and FULMER and QUINCE, JJ., concur.