PER CURIAM.
This is an appeal from an order denying William M. Clark’s motion for postconviction relief.
Clark was convicted of manslaughter by a jury. He was sentenced on November 12, 1993, and filed a Florida Rule of Criminal Procedure 3.850 motion for postconvietion relief on May 18, 1994. The trial court summarily denied grounds two through five of the motion. Ground one alleged ineffective assistance of counsel for failure to file a notice of appeal.
Clark alleged in his motion that after his judgment and sentence, counsel told him that a notice of appeal would be filed, and later visited him in prison informing him that it would cost $9,000 to file an appeal. When he told counsel that he could not afford this, counsel informed him that he would file the notice of appeal and the public defender *73 would be appointed to represent him on appeal. Clark later learned that a notice of appeal was never filed.
The trial court ordered the state to respond to ground one, stating that if the state could not refute the allegation, then an evi-dentiary hearing would be held, and if at the evidentiary hearing it was determined that Clark did in fact request counsel to file an appeal, then Clark would be granted a belated appeal.
No evidentiary hearing was ever held and the trial court later denied all relief requested in the motion. The trial court’s order and present attachments do not refute Clark’s allegation.
We therefore reverse the trial court’s order denying ground one of Clark’s Rule 3.850 motion for posteonviction relief, and remand for an evidentiary hearing or attachment of record excerpts refuting the allegation that counsel was ineffective for failure to file a notice of appeal. We affirm the trial court’s order denying Clark’s motion for posteonvietion relief on grounds two through five.
Affirmed in part; reversed in part and remanded.
THREADGILL., AC.J., and FULMER and WHATLEY, JJ., concur.