PER CURIAM.
Willie Patrick Hunter appeals the trial court’s summary denial of a motion for post-conviction relief asserting seven grounds for relief. We reverse and remand as to only one of those claims.
Mr. Hunter entered open pleas of nolo contendere to multiple criminal offenses. The trial court later sentenced him to enhanced terms of imprisonment as a habitual violent felony offender as to some offenses and as a habitual felony offender as to other offenses. It directed that all sentences be served concurrently. Although Mr. Hunter conceded that the state gave him proper notice of its intent to seek enhanced sentences, he alleged that the trial court, in accepting his pleas, failed to advise him of the consequences of habitualization as required by Ashley v. State, 614 So.2d 486 (Fla.1993). Because the attachments to the trial court’s order of summary denial do not conclusively refute this claim, we must reverse and remand for further proceedings in accord with Watson v. State, 661 So.2d 72 (Fla. 2d DCA 1995).
*1058 On remand, if the trial court again summarily denies the motion, it must attach those portions of the record or files refuting this claim. If the allegations of this claim cannot be refuted by the record, Mr. Hunter should be allowed to withdraw his pleas and either enter new pleas or proceed to trial. We remind him, however, “ ‘that such a move would return him to the status quo ante, whereby he would face’ any appropriate sentence authorized by law should he subsequently be convicted.” Carmichael v. State, 631 So.2d 346, 348 (Fla. 2d DCA 1994) (quoting Colon v. State, 586 So.2d 1305, 1306 (Fla. 2d DCA 1991)).
Affirmed in part, reversed in part, and remanded for further proceedings with directions.
PARKER, Acting C.J., and PATTERSON and LAZZARA, JJ., concur.