PER CURIAM.
The appellant, Daron Taree Black, challenges the trial court’s summary denial of his motion for postconviction relief, pursuant to Florida Rule of Criminal Procedure 3.850, asserting four grounds for relief. We reverse and remand as to only one. of those claims.
Appellant entered pleas of nolo contendere to multiple criminal offenses: three counts of possession of cocaine, one count of criminal mischief, and two counts of felonious possession of a firearm. Appellant was sentenced to fifteen years as a habitual felony offender on each count all to run concurrently. In a separate case, appellant proceeded to trial on charges of cocaine trafficking and misdemeanor possession of marijuana and was convicted and adjudicated guilty of both charges. At the same time he was sentenced based on his nolo contendere pleas, appellant was sentenced to five years as a habitual felony offender on the cocaine trafficking charge and to time served on the misdemeanor possession of marijuana charge. The five year habitual felony offender sentence on the cocaine trafficking charge was to run concurrently with the other habitual felony offender *1371 sentences appellant received based on his nolo contendere pleas. Appellant filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 on these charges asserting four grounds for relief. The trial court denied his motion. Appellant filed a timely notice of appeal of the summary denial of his motion for postconviction relief.
We find merit in only one of appellant’s claims, namely that the trial court failed to inform him of the consequences of being sentenced as a habitual felony offender when he entered his nolo contendere pleas. We, therefore, reverse and remand.
When a trial court imposes a habitual felony offender sentence on a defendant following a guilty or nolo contendere plea, “the following must take place prior to the acceptance of the plea: 1) The defendant must be given written notice of intent to habitualize, and 2) the court must confirm that the defendant is personally aware of the possibility and reasonable consequences of habitualization.” Ashley v. State, 614 So.2d 486, 490 (Fla.1993). In a footnote, the court explained that the defendant should be made aware of his or her eligibility for habitualization, the maximum habitual offender term for the charged offense, and the fact that habituali-zation may affect the possibility of early release through certain programs. Ashley, 614 So.2d at 490, n. 8.
Appellant does not allege error with the first Ashley requirement but contends that he was not informed of the consequences of being sentenced as a habitual felony offender. Appellant claims that had he known all of the consequences of being sentenced as a habitual felony offender he would not have entered the plea. According to the plea hearing transcript, appellant’s trial counsel and the trial court both informed the appellant of the maximum habitual felony offender term he could receive for the charged offenses. However, nothing more was mentioned regarding the effect the habitual felony offender status would have on appellant’s gaintime, provisional credits, and eligibility for early release.
This court has held that failure by the trial court to inform a defendant of the consequences of being sentenced as a habitual felony offender, which include gaintime, provisional credit, and eligibility for early release, constitutes error. Watson v. State, 661 So.2d 72 (Fla. 2d DCA 1995). Since the trial court’s order of summary denial of appellant’s motion for postconviction relief did not contain any attachments to refute appellant’s claim, we reverse and remand for further proceedings on this issue. See Hunter v. State, 668 So.2d 1057 (Fla. 2d DCA 1996). If the trial court again summarily denies the appellant’s motion, it must attach those portions of the record or files refuting this claim. Hunter, 668 So.2d at 1058.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
SCHOONOVER, A.C.J., and QUINCE and NORTHCUTT, JJ., concur.