FULMER, Judge.
Timothy Parker filed a Florida Rule of Criminal Procedure 3.850 motion in the trial court in which he alleged three different grounds to support his claim that he should be permitted to withdraw his guilty pleas to four counts of robbery. The trial court denied the motion. Two of Parker’s claims are not cognizable as rule 3.850 claims, and the trial court’s denial of these claims is affirmed without further comment. However, one of Parker’s claims is facially sufficient and must be addressed by the trial court on its merits.
Parker alleged that the court did not tell him that his classification as a habitual offender would render him ineligible for early release programs. Parker contended in his motion that had he been informed of this consequence, he would not have entered the plea.
In Ashley v. State, 614 So.2d 486, 489 (Fla.1993), the court directed that defendants be informed of “the reasonable consequences of habitualization.” The court stated specifically that a defendant must be -informed that he will be required to serve a greater proportion of his sentence if sentenced as a habitual offender than if sentenced under the guidelines. Id.
Consequently, Parker’s claim is facially sufficient and is not refuted by the attachments to the trial court order. See Saling v. State, 705 So.2d 937 (Fla. 2d DCA 1997). The trial court must reconsider the claim, and if it is unable to conclusively refute the claim with record attachments, it shall conduct an evidentiary hearing on this issue.
Affirmed in part, reversed in part, and remanded.
DAVIS and KELLY, JJ., Concur.