883 So.2d 846 (2004)
Daniel L. BARRS, Appellant,
v.
STATE OF FLORIDA, Appellee.
No. 1D04-2182.
District Court of Appeal of Florida, First District.
August 19, 2004.
Rehearing Denied October 12, 2004.
Appellant, pro se.
Charlie Crist, Attorney General; Bryan Jordan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's order summarily denying the appellant's motion filed pursuant to Florida Rule of Criminal Procedure 3.850. The appellant alleges that his counsel was ineffective, and that his plea was involuntary, because he was not advised that the habitual offender adjudication would render him ineligible for "early release programs, etc." Because the appellant committed his offenses after January 1, 1994, when the Legislature abolished automatic grants of gain time, the appellant would not have been entitled to such gain time regardless of his habitual felony offender status. See Ferguson v. State, 677 So.2d 968 (Fla. 3d DCA 1996). Furthermore, as the habitual felony offender statute also explicitly states that section 947.1405, Florida Statutes, applies to habitual felony offenders, the appellant's eligibility for conditional release is also unaffected by his habitual felony offender sentence. See § 775.084(4)(j), Fla. Stat. (2002). Finally, the appellant does not allege that had he been correctly advised he would not have pled, but would have insisted on a jury trial. See Brazeail v. State, 821 So.2d 364, 368 (Fla. 1st DCA 2002). We, therefore, conclude that the appellant's allegations do not establish that his counsel was ineffective or that his plea was unknowingly and involuntary. We accordingly affirm the summary denial of the appellant's motion.
AFFIRMED.
ERVIN, PADOVANO and LEWIS, JJ., concur.