PER CURIAM.
The appellant challenges the trial court’s order summarily denying his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the trial court’s denial of the appellant’s second claim without further discussion. Barrs v. State, 883 So.2d 846 (Fla. 1st DCA 2004). However, because the state did not file written notice of its intent to sentence the appellant under the habitual offender statute prior to the appellant’s entering an open plea of guilty, we reverse the trial court’s summary denial of the first claim.
The appellant entered an open plea to robbery. Although the state announced its intent to seek habitual offender sentencing it did not timely file written notice as required by Section 775.084(3)(b)2, Florida Statutes (2003), and Ashley v. State, 614 So.2d 486 (Fla.1993). The appellant contends that his plea was involuntary because he was sentenced as a habitual offender even though the state failed to file the requisite written notice of its intent to seek habitualization. The trial court denied this motion because the appellant had actual verbal notice of the state’s intent.
Actual verbal notice of intent to seek habitualization does not cure failure to file written notice of intent to seek habitualization where an open plea of guilty is entered. See Gray v. State, 829 So.2d 986 (Fla. 1st DCA 2002); Pitts v. State, 805 So.2d 1087 (Fla. 5th DCA 2002). However, on remand, the trial court should consider State v. Blackwell, 661 So.2d 282 (Fla.1995) where the Florida Supreme Court held that a written plea agreement acknowledging potential habitualization *1024 signed by the defendant cures a failure to file written notice.
We reverse the trial court’s denial of the appellant’s motion and remand for attachments demonstrating the appellant had prior written notice of the state’s intent to habitualize or for an evidentiary hearing.
AFFIRMED in part, REVERSED in part, and REMANDED.
KAHN, POLSTON, and THOMAS, JJ., concur.