952 So.2d 1214 (2007)
Eddie MURPHY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-1131.
District Court of Appeal of Florida, Fifth District.
March 30, 2007.
Rehearing Denied April 11, 2007.
*1215 James S. Purdy, Public Defender, and David S. Morgan, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeffrey R. Casey, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
The primary issue raised by the appellant, Eddie Murphy, in this appeal is whether the trial court erred in imposing an habitual felony offender sentence. Mr. Murphy asserts that the State failed to give him sufficient written notice of its intent to seek habitualization, and that in any event the trial court failed to inquire of him during the plea colloquy if he was aware of the consequences of habitualization. It appears that Mr. Murphy is correct.
At his plea and sentencing hearing Mr. Murphy was asked if he had read and understood the plea agreement that he signed, to which he replied in the affirmative. The plea agreement basically said that there was no dispositional understanding and that Mr. Murphy was pleading to an habitual traffic offender charge. It further indicated that if Mr. Murphy had two or more prior felonies, he might receive a sentence double the normal five-year sentence for a third-degree felony. No further explanation was given.
During sentencing on the "open" plea agreement, the State pointed out that they had filed an "habitual felony offender notice" in open court that showed numerous prior felony convictions. The trial court sentenced Mr. Murphy to 5 years imprisonment in the custody of the Florida Department of Corrections, saying:
The Court: Furthermore, Mr. Murphy, I'm going to find that you are a habitual felony offender and this 5-year sentence is as a habitual felony offender. Because it is as a habitual felony offender sentence, I could have sentenced you to 10 years, but I don't choose to do that.
Mr. Murphy now argues that the State failed to give him sufficient written notice of its intent to seek an habitual felony offender sentence. In addition, he asserts that the trial court failed to adequately inquire during the plea colloquy concerning whether or not he was aware of the consequences of an habitual felony offender sentence.
While a trial court is required to inform a defendant only of the direct consequences of the plea and is under no duty to apprise him or her of any collateral consequences, knowledge that habitualization may affect the possibility of early release through certain programs is considered a direct consequence or one that has a definite, immediate, and largely automatic effect on the range of a defendant's punishment. See Major v. State, 814 So.2d 424 (Fla.2002); Zambuto v. State, 413 So.2d 461, 462 (Fla. 4th DCA 1982); see also Boutwell v. State, 776 So.2d 1014, 1016 n. 2 (Fla. 5th DCA 2001). Accordingly, in Ashley v. State, 614 So.2d 486 (Fla.1993), the Florida Supreme Court held that before a trial court may impose an habitual offender sentence following a plea of guilty or nolo contendere: (1) the defendant must be given written notice of the State's intent to seek an habitual offender sentence, and (2) the trial court must confirm that the accused is personally aware of that possibility and of the reasonable consequences of habitualization. See also Akers *1216 v. State, 890 So.2d 1257 (Fla. 5th DCA 2005).
It is the second prong that causes us concern. The case law teaches that with respect to this requirement the trial court should, during the plea colloquy, discuss with the defendant his or her eligibility for habitualization, as well as the maximum habitual offender term for the charged offense, the fact that habitualization may affect the possibility of early release through certain programs, and where habitual violent felony offender provisions are implicated, the mandatory minimum term. See Major, 814 So.2d at 429; Black v. State, 698 So.2d 1370 (Fla. 2d DCA 1997) (habitual offender sentence cannot be imposed where court failed to advise or determine if defendant knew that he could be ineligible for certain programs affecting early release such as gain time or provisional credit); see also State v. Wilson, 658 So.2d 521 (Fla.1995).
In the instant case, we are unable to confirm that the first prong was satisfied because it is simply not clear from the record when the State served its formal written notice of intent to habitualize. All that is known is that it was filed with the court on the day of the plea hearing. It is the second prong, however, that is more troubling.
It does not appear that the trial court made any attempt to satisfy the requirement to make Mr. Murphy aware of the reasonable consequences of habitualization prior to accepting the plea. In fact, the only comment the trial court made regarding habitualization prior to acceptance of the plea was the following:
The Court: Do you understand if you engage in criminal conduct in the future, your conviction on these charges can be counted against you and could result in your receiving a more severe sentence in that future case?
The colloquy between Mr. Murphy and the trial court was insufficient to satisfy the requirements for habitualization. See Akers, 890 So.2d at 1260. Moreover, even assuming that the written notice provided by the State was timely, it too did not advise Mr. Murphy of the possibility and consequences of habitualization. Compare State v. Blackwell, 661 So.2d 282 (Fla. 1995) (written plea agreement contained provisions fully explaining all direct consequences of habitualization).
Accordingly, we reverse the judgment and sentence and remand this case to the trial court to allow Mr. Murphy the opportunity to withdraw his plea and proceed to trial on the subject charges. Should Mr. Murphy plead no contest or guilty the trial court could, in its discretion, impose a guideline sentence or an habitual offender term provided that the requirements of section 775.084, Florida Statutes and Ashley are met. See State v. Jefferson, 665 So.2d 1057 (Fla.1996); Pitts v. State, 805 So.2d 1087 (Fla. 5th DCA 2002).
REVERSED and REMANDED.
PALMER and TORPY, JJ., concur.