TORPY, J.
 

 Appellant challenges the order denying his motion to withdraw his plea because he was not informed that the habitual offender sentences he received might affect the possibility of early release. We reverse.
 

 Facing exposure to a potential mandatory life sentence, Appellant pled guilty in five cases under a negotiated agreement with the State. In exchange for his plea, the State amended the life felony to a second-degree felony and agreed to a sentence cap of twenty years as an habitual felony offender, fifteen years of which Appellant was to serve day for day as a prison releasee reoffender. During the plea colloquy, Appellant was informed of the maximum exposure he faced and that his PRR sentence of fifteen years would be “day for day.” Unfortunately, there is nothing in the record to establish that Appellant was informed about the potential lost gain time as a result of his being
 
 *1090
 
 sentenced as an HFO, an error that affects five years of the twenty-year sentence and requires reversal.
 
 Murphy v. State,
 
 952 So.2d 1214, 1215 (Fla. 5th DCA 2007).
 

 To remedy this error, on remand the lower court shall offer the State the option of agreeing to vacate the HFO portion of the sentences in case numbers 05-2007-CF-49098 and 05-2007-CF-49376 or allowing Appellant to withdraw his plea on all five cases. If the State chooses the former option, the lower court may restructure the sentences to give maximum effect to the plea agreement without imposing an HFO sentence.
 
 Tilley v. State,
 
 871 So.2d 294 (Fla. 5th DCA 2004). Because the offenses charged in these two cases arose from different transactions, the trial court may impose a fifteen-year sentence as a PRR on case number 05-2007-CF-49376, consecutive to concurrent five-year sentences in 05-2007-CF-49098.
 
 See Powell v. State,
 
 881 So.2d 1180, 1181 (Fla. 5th DCA 2004). As restructured, Appellant will serve the twenty-year sentence he bargained for without the objectionable HFO sanctions. Appellant shall be present for resentencing. If the State chooses the latter option, Appellant shall be permitted to withdraw his plea to all cases to which he pled as part of the same agreement, to wit: 05-2007-CF-49376, 05-2007-CF-49098, 05-2006-CF-68045, 05-2006-CF-67983, 05-2005-CF-39492. In that event, the original charges shall be reinstated, including the life felony as originally charged.
 
 Lee v. State,
 
 642 So.2d 1190 (Fla. 1st DCA 1994).
 

 REVERSED AND REMANDED.
 

 PALMER, C.J., and SAWAYA, J., concur.