LAWSON, J.
Lidesmond Terrell Baker appeals from the denial of his motion to -withdraw plea, filed after he was sentenced as a habitual felony offender (HFO) to fifteen years in prison on a charge of sale and delivery of cocaine. Because the State did not file its notice of intent to seek HFO sentencing until after Baker entered his plea, the trial judge did not explain the consequences of a potential HFO sentence to Baker until after the plea was entered. Under these circumstances, we agree with Baker that he is entitled to post-sentencing relief.
In Ashley v. State, 614 So.2d 486 (Fla. 1993), the Florida Supreme Court held that “in order for a defendant to be habitu-alized following a guilty or nolo contendré plea, the following must take place prior to acceptance of the plea: 1) the defendant must be given written notice of intent to habitualize, and 2) the court must confirm that the defendant is personally aware of the possibility and reasonable consequences.” Id. at 490 (emphasis added). In this case, the prosecutor stated a desire or intent to seek the HFO sentencing enhancement before Baker entered his plea, but the State did not file its notice of intent to seek HFO sentencing, or serve the notice on Baker, until the day after Baker’s plea. Because no notice had been filed, the trial judge only informed Baker that he faced a maximum penalty of fifteen years in prison during the plea colloquy, and did not inform Baker of any of the sentencing consequences of an HFO designation.[1]
This case is somewhat unique in that the trial judge ultimately imposed a fifteen-year sentence that could have been imposed without the HFO enhancement, and unequivocally explained that Baker’s HFO status had no effect on his decision as to the length of the pronounced sentence. In other words, the trial judge determined that fifteen years was the appropriate sentence irrespective of whether the State sought HFO sanctions, and clearly said this on the record. Given this fact, we can understand why the trial judge concluded that Baker had not demonstrated a manifest injustice warranting withdrawal of his plea. See, e.g., Powell v. State, 929 So.2d 54, 55 (Fla. 5th DCA 2006) (repeating rule that a defendant seeking to have his or her plea set aside after sentencing must establish that withdrawal of the plea is “necessary to correct a manifest injustice”). However, failure to grant any post-sentencing relief ignores the dictates of Ashley, which prohibits HFO enhancement in a plea case where the State did not seek HFO sentencing prior to entry of the plea, or where the defendant was not informed that habitualization could affect eligibility for early release prior to entry of the plea. Because the Ashley requirement was not *283 met, Baker is entitled to relief. Id. Accordingly, we reverse the order denying Baker’s motion to withdraw plea and remand for additional proceedings.
On remand, the trial court may simply strike the HFO designation, if there is no objection from the State. See Williams v. State, 2 So.3d 1089 (Fla. 5th DCA 2009). This will place Baker in the same position he would have been in if the State had not sought the HFO enhancement. Id.; see also, Wilson, 658 So.2d at 523. If the State does not agree to removal of the HFO classification, Baker must be allowed to withdraw his plea. Id.
REVERSED AND REMANDED WITH INSTRUCTIONS.
TORPY, J., and COBB, W., Senior Judge, concur.

. The maximum penalty on the charge to which Baker pled is fifteen years without the HFO enhancement. §§ 775.082(3)(c), 893.13(l)(a), Fla. Stat. (2007). With the HFO enhancement, the maximum penalty doubled to thirty years. § 775.084(4)(a)2., Fla. Stat. (2007). In addition to requiring that a defendant be told about the ''maximum habitual offender term for the charged offense” prior to entering his or her plea, Ashley expressly requires that a defendant be told "that habitu-alization may affect the possibility of early release through certain programs, prior to entering his or her plea...." Ashley, 614 So.2d at 490 n. 8; see also, State v. Wilson, 658 So.2d 521 (Fla.1995) (confirming that a defendant cannot be sentenced as an HFO after entering a plea unless he or she was informed of the affect of an HFO designation on gain time or other early release programs prior to entering the plea):