PER CURIAM.
 

 The appellant challenges the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without comment the lower court’s denial of ground one of the appellant’s motion. However, as we find the appellant’s second ground has merit, we reverse and remand for resentencing.
 

 In ground two, the appellant alleges that trial counsel was ineffective for not objecting to the state’s written intent to classify him as a habitual felony offender because it was untimely filed. The habitual felony offender statute states, “[wjritten notice shall be served on the defendant and the defendant’s attorney a sufficient time prior to the entry of a plea or prior to the imposition of sentence in order to allow the preparation of a submission on behalf of the defendant.” § 775.084(3)(a)2, Fla. Stat. (2007). In
 
 Ashley v. State,
 
 614 So.2d 486, 490 (Fla.1993), the Supreme Court of Florida construed this statute to mean that written notice must be given to defendants prior to pleading guilty. Also in
 
 Ashley,
 
 the court laid out two criteria the state must meet before a defendant can be classified as a habitual felony offender. First, the state must provide the defendant with a “written notice of intent to habitualize.”
 
 Id.
 
 Second, the court must confirm that the defendant understands the consequences of habitualization.
 
 Id.
 

 In this case, the record conclusively shows the state did not provide the appellant with a written notice of intent to habitualize until almost two months after the appellant entered his plea. While the record does indicate that the state verbally informed the appellant that it would be seeking sentencing as a habitual felony offender, that fact does not cure the failure to timely file a written notice.
 
 Ashe v. State,
 
 951 So.2d 1023, 1023 (Fla. 1st DCA 2007). If the written plea agreement indicated a habitual felony offender sentence, the written notice requirement would have been moot.
 
 See State v. Blackwell,
 
 661 So.2d 282 (Fla.1995). However, in this case, the written agreement did not contain any mention of the habitual felony offender status. Competent counsel would have objected to the untimely notice and the resulting habitual felony offender sentence.
 

 
 *1041
 
 This leaves only the question of the correct remedy in this case. In
 
 State v. Thompson,
 
 735 So.2d 482, 484 (Fla.1999), the Florida Supreme Court discussed the two prongs of the
 
 Ashley
 
 test, and stated that the first prong “is based on due process concerns and is dictated by the plain language of the habitual offender statute. ...” The second prong, however, deals with voluntariness of the plea, and is dictated by case law and rules of procedure.
 
 Id.
 
 The court further noted that the remedy for an involuntary plea is the option to withdraw that plea.
 
 Id.
 
 at 485. If the state violates the first prong of the
 
 Ashley
 
 test and wholly fails to classify a defendant as a habitual felony offender, it is a violation of the plain language of the habitual felony offender statute, and the only remedy in that situation is resentenc-ing.
 
 See Rhodes v. State,
 
 704 So.2d 1080, 1081 (Fla. 1st DCA 1997).
 

 Additionally, the facts of
 
 Ashley
 
 are almost identical to this case. In both cases, the state filed its notice of intent to habitu-alize after the appellant had entered a plea in the case. Neither appellant asked for his plea to be vacated, but rather asked for resentencing based on the guidelines scoresheet. In
 
 Ashley,
 
 the court deemed resentencing to be the correct remedy. We therefore conclude the remedy in this case is for the appellant to be resentenced pursuant to the guidelines. Accordingly, we reverse the trial court’s summary denial on ground two, and remand for resen-tencing in accordance with this opinion.
 

 AFFIRMED in part; REVERSED in part; and REMANDED.
 

 PADOVANO, ROBERTS, and MARSTILLER, JJ., concur.