PER CURIAM.
Kareem Johnson, Appellant, challenges his convictions and sentences in two cases that we sua sponte consolidate for the purpose of this opinion. We affirm Appellant’s convictions without comment. However, we reverse Appellant’s habitual offender sentences imposed in both cases and remand for resentencing.
The habitual felony offender statute provides that a “(w]ritten notice (of intent to habitualize] shall be served on the defendant and the defendant’s attorney a sufficient time prior to the entry of a plea or prior to the imposition of sentence in order to allow the preparation of a submission on behalf of the defendant.” § 775.084(3)(a)2, Fla. Stat. (2010). In Ashley v. State, 614 So.2d 486, 490 (Fla.1993), the Florida Supreme Court held that “in order for a defendant to be habitualized following a guilty or nolo plea, the following must take place prior to acceptance of the plea: 1) The defendant must be given written notice of intent to habitualize, and 2) the court must confirm that the defendant is personally aware of the possibility and reasonable consequences of habitualization.”
Here, the record reflects that the State did not file the notices of intent to habitu-alize in both cases until almost two months after Appellant pled to the charges. While the record discloses that the State verbally informed Appellant that it would seek sentencing as an habitual felony offender, that fact does not cure the failure to timely file a written notice. See Stanford v. State, 69 So.3d 1039, 1040 (Fla. 1st DCA 2011) (holding that the fact that the State verbally informed a defendant of its intent to habitualize does not cure the failure to timely file a written notice). By failing to *320 give Appellant written notice of intent to habitualize prior to the trial court’s acceptance of his pleas, the State was not entitled to seek habitual offender status for Appellant. As such, the trial court erred in imposing habitual offender sentences. Accordingly, we reverse Appellant’s habitual offender sentences in both cases and remand the causes to the trial court for resentencing under the sentencing guidelines.
AFFIRMED in part, REVERSED in part, and REMANDED.
LEWIS, CLARK, and RAY, JJ., concur.