PER CURIAM.
The defendant appeals from the circuit court’s summary denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. We conclude all four of the defendant’s claims lack merit. We affirm.
The state charged the defendant with sale of cocaine and possession of cocaine. On the day of trial, the defendant decided to enter an open no contest plea. After the defendant signed the plea paperwork, the state handed defense counsel a notice of its intent to prove that the defendant was a habitual felony offender subject to an enhanced maximum penalty.
The circuit court conducted a plea colloquy. During the colloquy, the court advised the defendant that if he qualified as a habitual felony offender, then he was facing an enhanced maximum penalty. The court asked the defendant if anyone, including his attorney, made any promise to him concerning his eligibility for early release or the actual amount of time he would serve under the sentence. The defendant answered no. The court also asked the defendant if he understood the maximum penalty he faced as a habitual felony offender. The defendant answered yes. At the end of the colloquy, the court accepted the defendant’s plea.
Before sentencing, the defendant moved to withdraw his plea on the ground that, after he signed the plea paperwork, the state served its notice of intent. The court denied the motion. The court later sentenced the defendant as a habitual felony offender to twenty-five years in prison on the sale count and a concurrent five-year term on the possession count.
On direct appeal, the defendant claimed that: (1) his plea was involuntary because, after he signed the plea paperwork, the state served its notice of intent; and (2) the state’s notice of intent was untimely because, after he signed the plea paperwork, the state served its notice of intent. This court affirmed. Smith v. State, 77 So.3d 840 (Fla. 4th DCA 2012), rev. denied, 104 So.3d 1087 (Fla.2012).
The defendant then filed the present rule 3.850 motion. The defendant’s motion raised four claims: (1) his plea was involuntary because, after he signed the plea paperwork, the state served its notice of intent; (2) the state’s notice of intent was untimely because, after he signed the plea paperwork, the state served its notice of intent; (3) his counsel was ineffective in failing to object to the state’s untimely notice of intent; and (4) his counsel was *399 ineffective in failing to advise him that, as a habitual felony offender, he allegedly would not be eligible for “any gain time awards” in prison.
The circuit court summarily denied the rule 3.850 motion. This appeal followed. In considering this appeal, we must determine if the defendant’s claims were facially invalid or conclusively refuted by the record. See Kimbrough v. State, 886 So.2d 965, 981 (Fla.2004) (“To uphold the trial court’s summary denial of claims raised in a [rule] 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record.”) (citation and quotations omitted).
We conclude that the defendant’s claims were facially invalid. We will address the claims in turn.
The defendant’s first two claims repeat the two claims which he raised on direct appeal. We affirmed on those claims in that appeal. Thus, the defendant’s claims are procedurally barred in this postconviction proceeding. See Freeman v. State, 761 So.2d 1055, 1067 (Fla.2000) (“This claim was raised on direct appeal; therefore, it is procedurally barred and was properly summarily denied.”). On the merits, the state’s notice of intent was not untimely. The defendant’s signing of the plea paperwork did not bind him, the state, or the court to the entry and acceptance of a plea. See Harden v. State, 453 So.2d 550, 551 (Fla. 4th DCA 1984) (“[Fjormal acceptance of a plea occurs when the trial court affirmatively states to the parties, in open court and for the record, that the court accepts the plea.”). Moreover, the conditions required to sentence the defendant as a habitual felony offender occurred before the court accepted his plea. See Ashley v. State, 614 So.2d 486, 490 (Fla.1993) (“[I]n order for a defendant to be habitualized following a guilty or nolo plea, the following must take place prior to acceptance of the plea: 1) The defendant must be given written notice of intent to habitualize, and 2) the court must confirm that the defendant is personally aware of the possibility and reasonable consequences of habitualization.”) (footnote omitted).
The defendant’s third claim, that his counsel was ineffective in failing to object to the alleged untimely notice, also is barred. The defendant cannot circumvent the procedural bar to relitigating his first two claims under the guise of an ineffective assistance of counsel claim. See Freeman, 761 So.2d at 1067 (“This issue was raised on direct appeal and cannot be relitigated under the guise of ineffective assistance of counsel.”). In any event, on the merits, the state’s notice of intent was not untimely, as stated above.
The defendant’s fourth claim, that his counsel was ineffective in failing to advise him that, as a habitual felony offender, he allegedly would not be eligible for “any gain time awards” in prison, lacks merit. Before 1993, our supreme court held that a defendant eligible for habitualization “should be told of ... the fact that habitu-alization may affect the possibility of early release through certain programs.” Ashley, 614 So.2d at 490 n. 8. In 1993, however, the legislature eliminated basic gain time for all offenders. See § 944.275(6)(a), Fla. Stat. (1994) (eliminating basic gain time for offenses committed on or after January 1,1994). Nevertheless, offenders, including habitual felony offenders, remained eligible for incentive gain time. See § 775.084(4)(e), Fla. Stat. (1994) (“A defendant sentenced under this section is not eligible for gain-time granted by the Department of Corrections, except that the department may grant up to 25 days incentive gain-time each month as provided in s. 944.275(4).”) (emphasis added).
*400 Following this important change, the first and third districts held that the failure to advise about ineligibility for basic gain time did not entitle a defendant to relief, and that adjudicating a defendant as a habitual felony offender made no difference. Barrs v. State, 883 So.2d 846, 846 (Fla. 1st DCA 2004), rev. denied, 892 So.2d 1011 (Fla.2004); Ferguson v. State, 677 So.2d 968, 969 (Fla. 3d DCA 1996). This court later followed Ferguson in a citation opinion. Reed v. State, 687 So.2d 77 (Fla. 4th DCA 1997).
We continue to agree with Ferguson and Bam that the elimination of basic gain time for all offenders nullified Ashley’s requirement to advise offenders that habitualization may affect the possibility of early release. When the defendant committed his offenses in 2007, section 775.084(4)(k)l., Florida Statutes (2007), still provided that “a habitual felony offender ... is eligible for gain-time granted by the Department of Corrections as provided in s. 944.275(4)(b) [incentive gain time].” Thus, the defendant’s claim that, as a habitual felony offender, he was not eligible for “any gain time awards” is mistaken. As a result, the defendant’s counsel was not ineffective in failing to advise him that he would not be eligible for “any gain time awards” in prison. In the alternative, we hold that ineligibility for gain time is a collateral consequence of a plea for which defense counsel has no duty to advise a defendant. See State v. Rodriguez, 990 So.2d 600, 606 (Fla. 3d DCA 2008) (“Gain time, good time, provisional credit time, and additional mitigating credits are all collateral consequences of a guilty plea.”).
We certify that this decision conflicts with second and fifth district cases involving offenses committed after January 1, 1994, but which continue to hold that a plea is involuntary unless the defendant was advised about the potential for lost gain time or early release as a result of the defendant being sentenced as a habitual felony offender. Williams v. State, 2 So.3d 1089, 1089-90 (Fla. 5th DCA 2009); Murphy v. State, 952 So.2d 1214, 1215-16 (Fla. 5th DCA 2007); Parker v. State, 808 So.2d 264, 264 (Fla. 2d DCA 2002); Butler v. State, 764 So.2d 794, 795 (Fla. 2d DCA 2000); Black v. State, 698 So.2d 1370, 1371 (Fla. 2d DCA 1997); Watson v. State, 661 So.2d 72, 72 (Fla. 2d DCA 1995).

Affirmed. Conflict certified.

DAMOORGIAN, C.J., GERBER and LEVINE, JJ., concur.