IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MARSHALL S. VAUGHAN,

      Appellant,

 v.                                Case No.  5D16-4443

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed April 28, 2017

3.850 Appeal from the Circuit Court
for Citrus County,
Richard A. Howard, Judge.

Marshall S. Vaughan, Raiford, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Pamela J. Koller,
Assistant Attorney General, Daytona
Beach, for Appellee.

WALLIS, J.

      Marshall S. Vaughn appeals the trial court's summary denial of his Second Motion to Vacate and Set Aside a Sentence filed pursuant to Florida Rule of Criminal Procedure 3.850, in which he asserted three claims for relief. We affirm the trial court's denial of Vaughn's second and third claims without further discussion. In his first claim, Vaughn argued he involuntarily entered his plea because he was not informed about his possible

maximum sentence as a habitual felony offender. "[P]rior to acceptance of the plea*:* 1) the defendant must be given written notice of intent to habitualize, and 2) the court must confirm that the defendant is personally aware of the possibility and reasonable consequences." <u>Baker v. State</u>, 12 So. 3d 281, 282 (Fla. 5th DCA 2009) (quoting <u>Ashley v. State</u>*,* 614 So. 2d 486, 490 (Fla. 1993)). We find that the attached records do not conclusively refute Vaughn's claim. Accordingly, we reverse the summary denial of the first claim and remand for the trial court to either attach records or hold an evidentiary hearing to conclusively establish that the trial court advised Vaughn of the consequences of his habitualization.

AFFIRMED in part; REVERSED in part; and REMANDED with Instructions.

PALMER and BERGER, JJ., concur.