# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-1150
LT Case Nos. 2018-306213-CFDB
2018-306375-CFDB
2018-306413-CFDB

_____

DEVON MARQUISE DAVIS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Volusia County.
Raul A. Zambrano, Judge.

Devon M. Davis, Raiford, pro se.

No Appearance for Appellee.

October 20, 2023

LAMBERT, J.

    Devon Marquise Davis appeals the summary denial of his amended motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850, in which he raised five grounds. We affirm the postconviction court's denial of grounds two, three, and five of the amended motion without further discussion. For the

following reasons, we reverse the summary denial of grounds one and four and remand for further proceedings.

Davis was charged in three cases below with committing a total of four felonies. The cases were resolved by a negotiated, global plea agreement with the State, with Davis pleading no contest to three of the counts, as charged, and to one lesser charge of attempted carjacking. Although the trial court imposed the parties' agreed-upon sentences, Davis nevertheless appealed; and his judgments and sentences were affirmed without opinion. *Davis v. State*, 289 So. 3d 911 (Fla. 5th DCA 2020).

Turning to the present proceeding, in ground one of his amended motion, Davis alleged that his counsel was ineffective for failing to investigate viable defenses to the charges and in not taking the depositions of various witnesses and one of the victims. In ground four, Davis alleged that his counsel had failed to advise him that his plea to the twenty-five-year prison sentence on the charge of aggravated battery with a firearm causing great bodily harm was to a mandatory minimum term and that his counsel had misadvised him that he would be eligible for gain time.

In summarily denying Davis's amended motion, the postconviction court's one-page order adopted the State's response to the motion. The State's response—which included copies of the information filed in each case, the State's notice of its intent to seek habitual felony offender sentencing, plus copies of the written plea agreement and the transcript of the change of plea hearing—was attached to the denial order. Our review of this summary denial is de novo. *See State v. Coney*, 845 So. 2d 120, 137 (Fla. 2003).

To uphold a summary denial of a legally sufficient claim brought under rule 3.850, the claim must be conclusively resolved as a matter of law or by reliance upon the records in the case. *See* Fla. R. Crim. P. 3.850(f)(5). Additionally, an appellate court is required to accept a defendant's factual allegations in the motion as true, to the extent that they are not refuted by the record. *Peede v. State*, 748 So. 2d 253, 257 (Fla. 1999).

As Davis sought relief for ineffective assistance of counsel following a plea, his burden was to show that, but for counsel's

2

errors, there is a reasonable probability that he would not have pleaded guilty or no contest and would have insisted on going to trial. *See Brazeail v. State*, 821 So. 2d 364, 367–68 (Fla. 1st DCA 2002). When determining whether this reasonable probability exists, the postconviction court is to look at the totality of the circumstances—including the plea colloquy, whether a defense would succeed, and the difference between the sentence imposed by the plea and the maximum sentence allowed if the defendant was found guilty at trial. *Grosvenor v. State*, 874 So. 2d 1176, 1181–82 (Fla. 2004).

Rule 3.850(f)(5) provides that if the summary denial is based on the records in the case, a copy of that portion of the files and records that shows that the defendant is entitled to no relief shall be attached to the final order. Here, the court records attached to the order do not conclusively refute the claims raised in either ground one or ground four.

As to ground one, the State's response related that there was significant incriminating record evidence that readily established Davis's guilt, making it unlikely that Davis would choose to go to trial. However, these records were not attached to the final order; and the transcript of the plea colloquy, which was attached to the order, does not otherwise conclusively refute Davis's claim made in this first ground.

Addressing ground four, there is no mention in the court records attached to the order that Davis's twenty-five-year sentence was for a mandatory minimum term. As to the part of Davis's claim in this ground regarding misadvice from counsel, an attorney has no duty to advise a client of gain time eligibility because it is a collateral consequence, and a defendant cannot withdraw his plea on that basis. *Guerra v. State*, 331 So. 3d 746, 747 (Fla. 4th DCA 2022) (citing *Smith v. State*, 126 So. 3d 397, 400 (Fla. 4th DCA 2013)); *see also Hampton v. State*, 217 So. 3d 1096, 1099 (Fla. 5th DCA 2017) ("Gain time, good time, provisional credit time, and additional mitigating credits are all collateral consequences of a guilty plea."). However, an attorney's affirmative misadvice about such a collateral consequence may render a plea involuntary. *Guerra*, 331 So. 3d at 747.

Here, Davis averred that his counsel misadvised him that he would be eligible for gain time regarding his twenty-five-year mandatory minimum sentence imposed under Florida's 10-20-Life statute and that had he known that this was not the case, he would not have tendered his no contest plea. The records attached to the denial order do not conclusively refute this assertion.

Accordingly, we reverse the summary denial of grounds one and four and remand with directions that the postconviction court either attach additional court records to its order that conclusively show that Davis is entitled to no relief on these two grounds or hold an evidentiary hearing. To be clear, our reversal of these grounds should not be construed or interpreted by the postconviction court as indicating that we have determined, on the merits, that Davis is entitled to relief on either ground.

AFFIRMED, in part; REVERSED, in part; REMANDED, with directions.

WALLIS and SOUD, JJ., concur.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––

4